WILLIAM D. CONNELL, Cal. State Bar No. 89124
SALLIE KIM, Cal. State Bar No. 142781
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 428-3900
(650) 428-3901 [fax]

Attorneys for Defendant QAD Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

[San Francisco Division]

| | |
|---|---|
| VEDATECH, INC., a Washington State Corporation, and VEDATECH K.K., a Japanese Corporation, and MANI SUBRAMANIAN, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al.,<br><br>Defendants. | **Case No. 04-cv-1249-VRW   [ECF]**<br><br>**[Case No. 04-cv-1403-VRW]**<br>**[Case No. 04-cv-1818-VRW]** |
| MANI SUBRAMANIAN, as an individual etc.,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al. (including QAD INC., a Delaware Corpora-tion with principal place of business in California),<br><br>Defendants. | **Case No. 08-cv-1426-JSW   [ECF]** |

**DECLARATION OF WILLIAM D. CONNELL IN SUPPORT OF QAD'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [L.R. 3-12 and 7-11]**

Decl. of William D. Connell in Support of Admin. Mtn to Consider Relating Cases    - 1 -

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

I, William D. Connell, declare:

1.  I am an attorney admitted to practice before all of the courts of the State of California and in the United States District Court for the Northern District of California, and I am one of the counsel of record for defendant QAD INC. ("QAD") in the above-captioned actions.

2.  I have personal knowledge of the matters set forth herein, except as may be specifically stated otherwise. If called upon to testify, I would and could competently testify to the matters set forth in this Declaration.

3.  I am making this Declaration in the above-captioned actions pursuant to Civil Local Rules ("Civil L.R.") 3-12 and 7-11 and in support of QAD's Administrative Motion to Consider Whether Cases Should be Related.

4.  The complaint in Case No. 08-01426-JSW (identified in the accompanying Motion as the NEW ACTION) was filed on March 12, 2008. To my knowledge, no defendant has yet been served with process, although on or about June 3, 2008, plaintiff Subramanian sent Waiver of Service of Summons forms and materials to several defendants, including QAD. QAD has notified plaintiff that it is waiving service of summons per the request.

5.  I contacted Mr. Subramanian by e-mail on May 29, 2008, to inquire whether he intended to make the required motion promptly. A true and correct copy of the e-mail message I sent is attached as Exhibit A hereto.

6.  Mr. Subramanian responded by telephone on May 30, but declined either to explain why he had not yet made the motion or to provide any specific detail as to when or how he intended to comply with this requirement.

7.  Mr. Subramanian followed up on his telephone call with an e-mail on May 31, 2008. A true and correct copy of that e-mail message is attached as Exhibit B hereto.

8.  Because neither Mr. Subramanian's telephone call nor his e-mail message provided any details indicating that he would promptly be seeking the required determination as to whether the cases were related, and because Mr. Subramanian, in fact, took no action in the following week to do so, QAD has concluded that any attempt to obtain a prompt stipulation in this respect from

Decl. of William D. Connell in Support of Admin.
Mtn to Consider Relating Cases

- 2 -

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Mr. Subramanian, if not futile, would, at a minimum, most likely result in additional, unwarranted effort and delay. As a result, QAD is filing its Motion now to avoid further delay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is made this 10Th day of June, 2008, at Mountain View, California.

William D. Connell

Decl. of William D. Connell in Support of Admin. Mtn to Consider Relating Cases — 3 —

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 428-3900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Decl. of William D. Connell in Support of Admin.
Mtn to Consider Relating Cases                    - 4 -

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

**Bill Connell**

| | |
|---|---|
| **From:** | Bill Connell |
| **Sent:** | Thursday, May 29, 2008 5:32 PM |
| **To:** | 'Pro Se' |
| **Cc:** | Kim Donovan |
| **Subject:** | Subramanian v. St. Paul, et al. -- Case No. 08-01426-JSW -- Notice of Related Case |

Mr. Subramanian –

As mentioned in QAD's recent reply brief, it appears that, in mid-March, 2008, you filed a new complaint in the United States District Court for the Northern District of California, entitled Subramanian v. St. Paul Fire and Marine Insurance Company, et al., Case No. 3:08-cv-01426-JSW ("New Action"). It does not appear, however, that you filed any notice of related case (technically, an "Administrative Motion to Consider Whether Cases Should be Related") with respect to the New Action, despite the fact that it was assigned to Judge Jeffrey S. White, rather than to Judge Vaughn R. Walker, who was (and is) the Judge in the other cases involving these matters. It has now been more than two months since you filed the New Action, and, as far as we can determine, you still have not filed any notice of related case.

As you are aware (from, at the least, prior litigation involving these same parties), Civil L.R. 3-12(b) provides:

**(b) Administrative Motion to Consider Whether Cases Should be Related.** Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-6, must be served on all known parties to each apparently related action. A Chambers copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(b).

As is not only evident, but indisputable, from the caption page of the Complaint as well as the allegations therein, there is no question that the New Action is related to actions that were and are pending before Judge Walker, including (although not limited to) Case No. 04-01249-VRW. Indeed, the New Action appears, in large part, to be little more than an ill-conceived "motion for reconsideration" with respect to Judge Walker's prior Orders dismissing your claims in that and other actions. Thus, there is no question that the New Action is, under Civil L.R. 3-12(a), a "related case" to several actions pending before Judge Walker.

Similarly, there can be no question that you knew of this fact when you filed the New Action, nor can it be questioned that you failed, and continue to fail, to "promptly file" the Administrative Motion required by Civil L.R. 3-12(b). In sum, since your filing of the New Action more than two months ago, you have been -- and you remain -- in violation of the Local Rules.

1

The purpose of this message is to inquire whether you intend to file the requisite Administrative Motion and to do so without any further delay. Please respond no later than close of business (i.e., 5:00 p.m. PDT) on Friday, May 30, 2008, with your intention in that regard.

Thank you for your attention to this matter.

■William D. Connell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Decl. of William D. Connell in Support of Admin. Mtn to Consider Relating Cases — 5 —

May 31, 2008

**William D. Connell**
**Sallie Kim**
**Kimberley Donovan**
GENERAL COUNSEL ASSOCIATES LLP
1861 Landings Drive
Mountain View, CA 94043


**SUBJECT**:   Regarding your Email dated 29 May 2008


**Bill:**

1.   I refer to your email dated May 29, 2008 regarding case no. 08-01426. In that email you demanded a response from me before "close of business on Friday, May 30, 2008", regarding your apparent concerns over progress in that case.

2.   I called you in the afternoon of Friday, May 30, 2008, to understand the nature of your concern. You have now informed me that you are not making any appearance in that case, not on behalf of yourself, and not on behalf of anyone else. Accordingly, it would seem that you are being a bit hypocritical, where on one hand you say that you do not wish to be formally involved with the case, while on the other, you seem to be exercising "rights" in that case.

3.   Accordingly, as to any administrative motions, I cannot see how you or anyone else is prejudiced until we resolve the issue of service. I am, of course, preparing to deal with the matter of service and compliance with all the rules, local or otherwise, to the best of my abilities, including the question of any administrative motion that needs to be filed at the appropriate time. There are some issues that still need to be researched, and actions to be taken before I can file further matters and unless you are ready to provide me with unvarnished impartial legal advice, I would be surprised if you wish to, or would be willing to micromanage my preparations in that matter.

Letter – regarding Connell's Email dated May 29, 2008                                          Page 2 of 3
*Subramanian v QAD Inc., et al.* C-08-1426
May 31, 2008

4.  You will notice that I have been extremely busy for the last several months on unnecessary discovery disputes arising from your bad faith stonewalling, a matter much more serious than any imaginary faults you are trying to cook up regarding others regarding local rules, especially given that you know nothing about the facts or reasons surrounding the scheduling of such other matters.

5.  Regarding your concern about local rules, may I remind you that you routinely flout all kinds of rules and laws, including the simple example of sending "letters" regarding "chambers copies" or otherwise, without E-Filing them first [even though I have alerted you several times to this]. You have openly lied to the Court regarding discovery and other matters [may I remind you about the "all documents" episode which even Judge Komar chastised you about], threatened me physically at the court steps of the state court [March 16, 2004 around 9 am – a matter witnessed by the security guards there who told you to [something to the effect of] "take it outside", and asked you to stop the ruckus], you have a client [Roland] that was drunk at that same meeting in the courthouse [as told to me by two attorneys and as suspected by me because of the stench of alcohol], you have a client whose CEO, Pam Lopker, openly and brazenly lies to the federal court – a matter of public record in the seventh circuit matter;   you routinely assist your client QAD in fraudulently concealing discovery information, you have, along with QAD, pursued me maliciously and in bad faith since at least 1998 [not to mention the meritless "first-strike" action in October 1997 in Japan which QAD hastily withdrew after the Judge started asking uncomfortable questions], with baseless actions which you then purport to "settle" collusively with my insurers who you have "bribed" by retaining them in secret, and paying them "premium" monies in order to arrange such a sham "settlement", you routinely try to interfere with my legal representation [including the ridiculous incident where Roland, presumably with your knowledge and consent (?) attempted to conflict out Morrison and Foerster on the dubious and totally inane grounds that they represented Union Bank which was *adverse* to QAD in a different matter], you routinely abuse me by calling me names [against the local rule that requires you to behave courteously], and you are now openly celebrating a strategy

**Regarding Connell's Email dated May 29, 2008**                                                May 31, 2008

Letter – regarding Connell's Email dated May 29, 2008                                     Page 3 of 3
*Subramanian v QAD Inc., et al.*  C-08-1426
May 31, 2008


not based on the law and the rules, but based on your openly stated reliance in the apparent handicap that unrepresented parties face in the system, and how that will prevent me from ever getting any "adverse judgment" against your client; you routinely make false statements in your submissions to the Court [some examples having been recorded in the recently filed discovery motions in the copyright case], your discovery responses in the state court matter and now in the copyright cases, if there was any justice, are sufficient to get you into serious trouble with the law and the courts, especially given that the "slash and burn" approach you use and reflexive and deliberate stonewalling are clearly against both the letter and spirit of the discovery rules – but it never seems to stick because of my misfortune in having to defend myself without competent professional help, thus emboldening you further, and myriad other examples where your behavior should be seriously sanctioned by the Courts and the system. In light of all of this, I fail to understand your exaggerated and hypocritical protestations against a matter about which you do not know anything [e.g., the appropriate timing for an action and the reasons why I may need a certain amount of time to prepare to take certain steps in an action where you affirmatively claim you do not wish to get involved in, unless according to you, the matter of service is settled, which if you are interested, you could of course, waive service and make an appearance and then exercise your "rights" in the action].

6.      In any event, I thank you for taking the time to alert me to the "local rule" and as I have assured you, I will comply with all the rules to the best of my abilities and understanding and as soon as I can complete all research and preparations sufficient to permit to me to take any further steps with confidence and courtesy. I will contact you shortly regarding the matter of service.


Sincerely
For plaintiff


**Regarding Connell's Email dated May 29, 2008**                                                May 31, 2008