1  DOUGLAS R. YOUNG (SBN 073248)
   RODERICK M. THOMPSON (SBN 96192)
2  JESSICA K. NALL (SBN 215149)
   ANDREW W. INGERSOLL (SBN 221348)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480
   Email: dyoung@fbm.com
6

7  Attorneys for Defendant
   RANDALL WULFF
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MANI SUBRAMANIAN, as an individual and citizen of Washington, and as a derivative action Plaintiff,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation, and QAD INC., a Delaware Corporation with principal place of business in California, and ARTHUR ANDERSEN LLP, a limited liability partnership headquartered in Chicago, Illinois, and ANDERSEN WORLDWIDE SC, a Societe Cooperative headquartered in Geneva, Switzerland, and JOHN DOORDAN, an individual and citizen of California, and LAIFOON LEE, an individual and Citizen of California, and ROLAND DESILETS, an individual and citizen of New Jersey, and WILLIAM D. CONNELL, an individual an citizen of California, and GREENAN PFEFFER, SALLANDER and LALLY LLP, a limited liability partnership headquartered in California, and RANDALL WULFF, an individual and citizen of California, and DOES 1-50,<br><br>Defendants. | Case No. 08-cv-1426-RWW<br><br>**WAIVER OF SERVICE OF SUMMONS** |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WAIVER OF SERVICE OF SUMMONS
Case No. CV 08-1426-RWW

- 1 -

23109\1622931.1

     I acknowledge receipt of your request that Randall Wulff waive service of a summons in the action of *Subramanian vs. St. Paul Fire & Marine Ins. Co., et al.* which is case number 08-cv-1426 in the United States District Court for the Northern District of California.

     I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a Summons and an additional copy of the Complaint in the lawsuit by not requiring that the party on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.

     The party on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after June 3, 2008, or within 90 days after that date if the request was sent outside the United States.

DATED: June 27, 2008

FARELLA BRAUN & MARTEL LLP

By: /s/ Roderick M. Thompson
    Roderick M. Thompson

Attorneys for Defendant
RANDALL WULFF

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WAIVER OF SERVICE OF SUMMONS
Case No. CV 08-1426-RWW

- 2 -

23109\1622931.1

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return to waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WAIVER OF SERVICE OF SUMMONS
Case No. CV 08-1426-RWW

- 3 -

23109\1622931.1