1  MANI SUBRAMANIAN
2  (Local California Contact Address for Court Communications only)
   c/o Robert Oca
3  P.O.Box 12231
   San Francisco, CA 94112
4  *Telephone:* (206) 222-2341
   *Facsimile:* (206) 222-2341
5  *Email:* prosedefendant@yahoo.com

6  Plaintiff

7

8  UNITED STATES DISTRICT COURT
   for the NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| **MANI SUBRAMANIAN**, as an individual and citizen of Washington, and as a derivative action plaintiff; | **Case No.:  08-1426 VRW** |
| Plaintiff, | |
| vs. | **Receipt of Waiver of Service of Summons** filed in lieu of Proof of Service for the following defendants |
| **ST.PAUL FIRE AND MARINE INSURANCE COMPANY,** a Minnesota Corporation, *and* **QAD INC.,** a Delaware Corporation with principal place of business in California, *and* **ARTHUR ANDERSEN LLP,** a limited liability partnership headquartered in Chicago, Illinois, *and* **ANDERSEN WORLDWIDE SC,** a Societe Cooperative headquartered in Geneva, Switzerland, *and* **JOHN DOORDAN**, an individual and citizen of California, *and* **LAIFOON LEE**, an individual and Citizen of California, *and* **ROLAND DESILETS**, an individual and citizen of New Jersey, *and* **WILLIAM D. CONNELL,** an individual and citizen of California, *and* **GREENAN, PEFFER, SALLANDER and LALLY LLP,** a limited liability partnership headquartered in California, *and* **RANDALL WULFF**, an individual and citizen of California, *and* DOES 1-50; | 1. St.Paul Fire and Marine Insurance Company – see attachment to this document, Doc 15-2; <br><br>2. QAD Inc. – see Doc 5; <br><br>3. Arthur Andersen LLP – see attachment to this document, Doc 15-3; <br><br>4. John Doordan – see Doc 11; <br><br>5. Laifoon Lee – see Doc 12; <br><br>6. William D. Connell – see Doc 13; <br><br>7. Greenan, Peffer, Sallander & Lally LLP – see attachment to this document, Doc 15-4; <br><br>8. Randall Wulff – see Doc 14; |
| Defendants. | |

**Waiver of Service of Summons**                Page 1 of 2

# LIST OF PARTIES FROM WHOM
# WAIVER OF SERVICE OF SUMMONS HAS BEEN RECEIVED

As noted in the Cover Page, the following parties have returned a waiver of service of summons form sent to them by plaintiff. A copy of the waiver form can be found at the Docket numbers in this action provided below next to each of the parties' names:

| No. | Defendant | Doc # |
| --- | --- | --- |
| 1. | St.Paul Fire and Marine Insurance Company | Doc 15-2 |
| 2. | QAD Inc. | Doc 5 |
| 3. | Arthur Andersen LLP | Doc 15-3 |
| 4. | John Doordan – see Doc 11; | Doc 11 |
| 5. | Laifoon Lee – see Doc 12; | Doc 12 |
| 6. | William D. Connell – see Doc 13; | Doc 13 |
| 7. | Greenan, Peffer, Sallander & Lally LLP  (it is assumed that Mr. Greenan who signed it was signing it on behalf of his law firm) | Doc 15-4 |
| 8. | Randall Wulff – see Doc 14; | Doc 14 |

**Defendant Roland Desilets** has not yet returned the waiver of service of summons (as far as plaintiff can tell) and it is not known if he intends to do so;

**Defendant Arthur Andersen Worldwide SC**, according to the co-defendant Arthur Andersen LLP, has been dissolved and is no longer in existence. Subject to verification, that is a matter that needs to be dealt with as appropriate in further proceedings;

**Respectfully submitted**.

Dated:   July 04, 2008                              MANI SUBRAMANIAN

                                                                     //s//
                                                              MANI SUBRAMANIAN
                                                              *Plaintiff*

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __ST. PAUL FIRE AND MARINE INSURANCE COMPANY__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Subramanian v. St. Paul Fire and Marine Ins. Co. et al.__,
(CAPTION OF ACTION)

which is case number __08-01426__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                June 3, 2008
                                                                (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__7/3/08__                    __[signature]__
(DATE)                        (SIGNATURE)

Printed/Typed Name: James S. Greenan

As __Counsel__ of __St. Paul Fire and Marine Ins. Co.__
    (TITLE)           (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

♦AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

[ Clear Form ]

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __ARTHUR ANDERSEN LLP_____, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __SUBRAMANIAN v St.Paul Fire and Marine Ins. Co. et al.__,
   (CAPTION OF ACTION)

which is case number __08 - 01426_____ in the United States District Court
   (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                June 03, 2008
                                                    (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.
I have been authorized by Arthur Andersen LLP to execute this Waiver on its behalf.

__July 3, 2008__             _____
   (DATE)                                           (SIGNATURE)

                Printed/Typed Name: __Frederick S. Fields__

          As __Attorney_____ xx̶o̶f̶ for Arthur Andersen LLP
                      (TITLE)                             (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __GREENAN, PEFFER, SALLANDER & LALLY LLP__ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Subramanian v. St. Paul Fire and Marine Ins. Co. et al.__,
(CAPTION OF ACTION)

which is case number __08-01426__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __June 3, 2008__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__7/03/08__         __James S. Greenan__ (signature)
(DATE)              (SIGNATURE)

Printed/Typed Name: James S. Greenan

As __Counsel/Partner__ of __St. Paul Fire and Marine Ins. Co.__
(TITLE)                      (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.