1   Douglas R. Young (State Bar No. 073248)
    Roderick M. Thompson (State Bar No. 96192)
2   Jessica K. Nall (State Bar No. 215149)
    Andrew W. Ingersoll (State Bar No. 221348)
3   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480
    dyoung@fbm.com
6   rthompson@fbm.com
    jnall@fbm.com
7   aingersoll@fbm.com

8   Attorneys for Defendant
    RANDALL WULFF

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  MANI SUBRAMANIAN, as an individual        Case No. 08-cv-1426-VRW
    and citizen of Washington, and as a derivative
14  action plaintiff,                          **DEFENDANT RANDALL WULFF'S**
                                               **MOTIONS TO DISMISS OR, IN THE**
15                   Plaintiff,                **ALTERNATIVE, FOR SUMMARY**
                                               **JUDGMENT AND/OR  TO STRIKE**
16           vs.                               **COMPLAINT**

17  ST. PAUL FIRE AND MARINE
    INSURANCE COMPANY, a Minnesota             Date:      October 9, 2008
18  Corporation, and QAD INC., a Delaware      Time:      2:30 p.m.
    Corporation with principal place of business Dept:     Courtroom 6
19  in California, and ARTHUR ANDERSEN         Judge:     Hon. Vaughn R. Walker
    LLP, a limited liability partnership
    headquartered in Chicago, Illinois, and
20  ANDERSEN WORLDWIDE SC, a Societe
    Cooperative headquartered in Geneva,
21  Switzerland, and JOHN DOORDAN, an
    individual and citizen of California, and
22  LAIFOON LEE, an individual and Citizen of
    California, and ROLAND DESILETS, an
23  individual and citizen of New Jersey, and
    WILLIAM D. CONNELL, an individual an
24  citizen of California, and GREENAN
    PFEFFER, SALLANDER and LALLY LLP,
25  a limited liability partnership headquartered
    in California, and RANDALL WULFF, an
26  individual and citizen of California, and
    DOES 1-50,
27
                     Defendants.
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT
Case No. 08-cv-1426-VRW

23109\1633325.5

1

**TABLE OF CONTENTS**

2

3    MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

4    I.    INTRODUCTION ................................................................................................ 1

5    II.   STATEMENT OF ISSUES TO BE DECIDED ................................................ 3

6    III.  FACTUAL ALLEGATIONS................................................................................ 3

7          A.    Factual Allegations Regarding The QAD-Vedatech Relationship ......................... 4

8          B.    Allegations Involving Wulff's Participation As A Mediator................................. 4

9          C.    Post-Mediation Allegations.................................................................................. 6

10         D.    This Court's Ruling In The Vedatech Lawsuit ....................................................... 7

11   IV.   LEGAL ARGUMENT ......................................................................................... 8

12         A.    Subramanian's Claims Are Barred By Res Judicata............................................. 8

13         B.    Subramanian's Claims Against Wulff Are Barred By California Law On
               Absolute Quasi-Judicial Immunity, By The Litigation Privilege Of Civil
14             Code Section 47(b) And By The *Noerr-Pennington* Doctrine............................. 11

15               1.    The Doctrine Of Absolute Quasi-Judicial Immunity Precludes
                       Subramanian's Claims Against Wulff. ....................................................... 11
16
17               2.    The Litigation Privilege Of California Civil Code Section 47
                       Precludes Subramanian's State Law Claims Against Wulff.................... 12

18               3.    The *Noerr-Pennington* Doctrine Separately Supports Dismissal Of
                       All Claims Asserted Against Wulff. .......................................................... 14
19
20         C.    In The Alternative, Summary Judgment Should Be Granted On The Claims
               Against Wulff........................................................................................................ 15

21         D.    Subramanian's State Law Claims Should Be Stricken Under California's
               Anti-SLAPP Law. ................................................................................................. 16
22
23               1.    The Actions Of Wulff And His Attorneys Are Protected Speech ............. 17

24               2.    Subramanian Cannot Establish A Probability That He Will Prevail ........ 18

25   V.    CONCLUSION..................................................................................................... 19

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - i -
Case No. 08-cv-1426-VRW

23109\1633325.5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adams v. California Department of Health Services,*
    487 F.3d 684 (9th Cir. 2007)................................................................... 10

*Ashelman v. Pope,*
    793 F.2d 1072 (9th Cir. 1986)................................................................ 13

*California Motor Transport Co. v. Trucking Unlimited,*
    404 U.S. 508 (1972) ............................................................................... 14

*Clements v. Airport Authority,*
    69 F.3d 321 (9th Cir. 1995) ..................................................................... 9

*Columbia Pictures Industrial, Inc. v. Professional Real Estate Investors, Inc.,*
    944 F.2d 1525 (9th Cir. 1991)................................................................ 14

*Davis v. Sun Oil Co.,*
    148 F.3d 606 (6th Cir. 1998)................................................................... 10

*Federated Department Stores v. Moitie,*
    452 U.S. 394 (1981) ............................................................................... 10

*Jefferson v. Carey,*
    1999 U.S. Dist. LEXIS 11470 (N.D. Cal. 1999).................................... 17

*Kimes v. Stone,*
    84 F.3d 1121 (9th Cir. 1996) .................................................................. 12

*Lubrizol Corp. v. Exxon Corp.,*
    929 F.2d 960 (3d Cir. 1991) ................................................................... 11

*Manistee Town Center v. City of Glendale,*
    227 F.3d 1090 (9th Cir. 2000)................................................................ 14

*Meridian Project Systems, Inc. v. Hardin Const. Co., LLC,*
    404 F. Supp. 2d 1214 (E.D. Cal. 2005).................................................. 14

*Montana v. United States,*
    440 U.S. 147 (1979) ................................................................................. 9

*Owens v. Kaiser Foundation Health Plan, Inc.,*
    244 F.3d 708 (9th Cir. 2001)............................................................. 9, 10

*In re Schimmels,*
    127 F.3d 875 (9th Cir. 1997) ................................................................... 9

*Sosa v. DIRECTV, Inc.,*
    437 F.3d 923 (9th Cir. 2006).................................................................. 14

*Stratosphere Litigation LLC v. Grand Casinos, Inc.,*
    298 F.3d 1137 (9th Cir. 2002)........................................................... 9, 11

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - ii -
Case No. 08-cv-1426-VRW

23109\1633325.5

*Summit Media LLC v. City of Los Angeles,*
    530 F. Supp. 2d 1084 (C.D. Cal. 2008).................................................................. 16

*Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,*
    322 F.3d 1064 (9th Cir. 2003)............................................................................... 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
    190 F.3d 963 (9th Cir. 1999)................................................................................. 16

*United States. v. Hempfling,*
    431 F. Supp. 2d 1069 (E.D. Cal. 2006).................................................................. 16

*Western System, Inc. v. Ulloa,*
    958 F.2d 864 (9th Cir. 1992)................................................................................. 9

**STATE CASES**

*Briggs v. Eden Council for Hope and Opportunity,*
    19 Cal. 4th 1106 (1999)................................................................................... 17, 18

*Decker v. U.D. Registry, Inc.,*
    105 Cal. App. 4th 1382 (2003)............................................................................... 16

*Equilon Enterprises v. Consumer Cause, Inc.,*
    29 Cal. 4th 53 (2002) ....................................................................................... 17, 18

*Howard v. Drapkin,*
    222 Cal. App. 3d 843 (1990)............................................................... 2, 7, 11, 12, 15

*Kashian v. Harriman,*
    98 Cal. App. 4th 892 (2002)........................................................................ 13, 14, 17

*Navellier v. Sletten,*
    29 Cal. 4th 82 (2002) ............................................................................................. 16, 17

*Rothman v. Jackson,*
    49 Cal. App. 4th 1134 (1996)................................................................................. 14

*Seelig v. Infinity Broadcasting Corp.,*
    97 Cal. App. 4th 798 (2002)................................................................................... 18

*Silberg v. Anderson,*
    50 Cal. 3d 205 (1990) ..................................................................................... 13, 14

**DOCKETED CASES**

*Subramanian v. QAD et al.,*
    Case No. 06-3050, Dkt. No. 75 (Feb. 21, 2007) .................................................. 17

**FEDERAL STATUTES**

16 U.S.C. § 1961 *et seq.*......................................................................................... 2

28 U.S.C. § 1927 .................................................................................................... 18

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - iii -
Case No. 08-cv-1426-VRW

23109\1633325.5

42 U.S.C. § 1983 .............................................................................................. 12, 14

**FEDERAL RULES**

Federal Rules of Civil Procedure
    Rule 8 ........................................................................................ 16
    Rule 11 ........................................................................................ 7
    Rule 12(b) ........................................................................ 1, 10, 15, 16
    Rule 12(f) ............................................................................ 1, 3, 15
    Rule 41(a) ...................................................................................... 15
    Rule 41(a)(1) .................................................................................. 15
    Rule 56 .......................................................................... 1, 15, 16
    Rule 56(f) ........................................................................................ 8

**STATE STATUTES**

California Civil Code
    § 47(b) ................................................................................ *passim*

California Code of Civil Procedure
    § 425.16 .......................................................................... 1, 3, 16, 18
    § 425.16(b) .............................................................................. 16, 17
    § 425.16(e) ................................................................................ 17

California Evidence Code
    § 1119 .............................................................................................. 5

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - iv -
Case No. 08-cv-1426-VRW

23109\1633325.5

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that Defendant Randall Wulff ("Wulff") hereby moves the

3  Court for an Order dismissing this Action or, in the alternative, granting Summary Judgment in

4  his favor pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 12(b) and 56, and for an

5  order under FRCP Rule 12(f) striking all of the state law claims against Wulff.

6      This Motion to Dismiss is brought on the grounds that Plaintiff Mani Subramanian's

7  ("Subramanian") claims against Wulff are barred by (1) *res judicata*, (2) California law providing

8  Wulff with quasi-judicial immunity, (3) the "litigation" privilege of California Civil

9  Code section 47(b), and (4) the *Noerr-Pennington* doctrine.  This Motion to Dismiss may also be

10  considered as an alternative motion for summary judgment under Rule 56 of the FRCP on the

11  grounds that there are no genuine issues of material fact that the allegations against Wulff

12  encompass his acts as a court-ordered mediator, or those of his attorneys in prior related litigation,

13  entitling him to absolute protection from civil liability under quasi-judicial immunity.  This

14  Motion to Strike is brought under FRCP 12(f) on the grounds that California's Code of Civil

15  Procedure ("CCP") Section 425.16 (the "Anti-SLAPP" procedure) precludes the state law claims

16  based on litigation conduct which is protected speech.

17      These motions are based on the accompanying Memorandum of Points and Authorities;

18  the supporting Declaration of Andrew Ingersoll; the accompanying Request for Judicial Notice;

19  and such other matters as the Court may receive.

20  **MEMORANDUM OF POINTS AND AUTHORITIES**

21  **I.    INTRODUCTION**

22      Undeterred by the Ninth Circuit's affirmance of more than $50,000 in sanctions against

23  him in earlier litigation involving the same operative facts alleged here, and the related dismissal

24  of claims against Wulff and others, Subramanian attempts by this Complaint to relitigate issues

25  already finally and correctly decided by this Court.

26      This lawsuit is the latest chapter in a string of frivolous lawsuits and related pleadings

27  Subramanian has pursued in state and federal courts originally stemming from a dispute between

28  Subramanian and his companies, Vedatech Inc. and Vedatech K.K. (collectively "Vedatech"), on

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 1 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    the one hand, and QAD, Inc. and QAD Japan, K.K. ("QAD"), on the other.  The present lawsuit

2    differs from the earlier federal case involving Wulff only in that the generalized claims of

3    conspiracy and fraud – expanded to encompass claims of constitutional violations and violations

4    of the federal Racketeer Influenced and Corrupt Organization Act, 16 U.S.C. § 1961 *et seq.*

5    ("RICO") – now include allegations that Wulff's attorneys attempted to (for example) "corruptly

6    influence the court" (Complaint at ¶ 165) and "corruptly obtain[] a judgment" (*id.* at ¶ 166), and

7    that St. Paul's, QAD's and Wulff's actions in the prior litigation constituted a "fraud upon the

8    court" (*id.* at ¶ 176).  The new Complaint also multiplies the parties alleged to have participated

9    in the conspiracy by more than doubling the number of defendants from the previous suit.

10       This Court's appropriate admonishment in the previous litigation that Subramanian

11   "recklessly and in bad faith, multiplied the legal proceedings against Wulff by recklessly raising

12   frivolous arguments regarding the inapplicability of [*Howard v. Drapkin*, 222 Cal. App. 3d 843

13   (1990)],"[1] is even more appropriate now.  Under the circumstances, and as *Howard* explicitly

14   recognizes (*id.* at 864), the claims against Wulff should be dismissed before further judicial and

15   party resources are needlessly expended.

16       Subramanian's claims against Wulff are barred for several reasons:  (1) because this Court

17   already addressed and dismissed virtually identical claims in the earlier litigation, *res judicata*

18   precludes their assertion here; (2) even were *res judicata* not applicable, the same controlling case

19   law governing absolute quasi-judicial immunity supporting that earlier decision and its affirmance

20   in the court of appeal commands dismissal here; (3) the litigation privilege in California Civil

21   Code section 47(b), while not relied upon by this Court in its order dismissing the first lawsuit

22   against Wulff, precludes state law claims against Wulff, who acted as a mediator or who, through

23   his attorneys, undertook actions to defend against the first lawsuit; (4) the *Noerr-Pennington*

24   doctrine precludes the claims because they are based exclusively on the protected litigation-

25   related conduct of Wulff and his attorneys; and (5) because the Complaint is based on Wulff's

26

27   _____

     [1] June 22, 2005 Order in Case 04-1249 ("Dismissal Order") at 33:18-20; complete order attached
28   as Exhibit A to Randall Wulff's Request for Judicial Notice in Support of Motions to Dismiss, for
     Summary Judgment and/or to Strike Complaint, filed herewith ("RJN").

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 2 -
Case No. 08-cv-1426-VRW                                         23109\1633325.5

1  conduct as a mediator in the underlying litigation and on allegations regarding arguments by

2  Wulff's attorneys in defending against the earlier lawsuit, all of the state law claims should be

3  stricken under CCP section 425.16.

4  **II.    STATEMENT OF ISSUES TO BE DECIDED**

5      A.    Should all claims against Wulff be barred by the doctrine of *res judicata* based on

6  the final adjudication of identical claims asserted by Subramanian in prior litigation involving the

7  same nucleus of operative facts where those claims were dismissed and the dismissal order was

8  upheld on appeal?

9      B.    Should all claims against Wulff based on his acts as a mediator, or the acts of his

10  attorneys in defending him against earlier litigation involving virtually the same allegations, be

11  barred by quasi-judicial immunity under California law, by the privileges afforded by California

12  Civil Code section 47(b), and by the *Noerr-Pennington* doctrine, or alternatively be subject to

13  summary judgment?

14      C.    Should all state law claims against Wulff be stricken pursuant to FRCP Rule 12(f)

15  and CCP section 425.16 because they arise wholly out of protected speech in the litigation

16  context?

17  **III.    FACTUAL ALLEGATIONS**

18      Subramanian's claims against Wulff in this suit track the allegations resolved by an earlier

19  lawsuit in this Court (the "Vedatech lawsuit").[2]  While Subramanian has added a few allegations

20  redescribing Wulff's actions at the mediation (*see, e.g.*, Complaint at ¶¶ 124-25), the only truly

21  "new" allegations involve positions taken, and arguments made, by Wulff's attorneys in

22  defending against Subramanian's claims in the Vedatech lawsuit (*see, e.g., id.* at ¶¶ 147-149, 151,

23  154-157, 165-166, 172-174).[3]

24

25  [2] The factual allegations and litigation history underlying this lawsuit are largely covered by this
   Court's order dismissing the claims in the Vedatech lawsuit, which involved three consolidated
26  cases, CV-04-1249, 1818 and 1403.  (*See* Dismissal Order, RJN Exh. A, as affirmed by order of
   the Court of Appeals on July 19, 2007, Appeal No. 05-16255, RJN Exh. B.)

27  [3] Many of these same allegations were already addressed by the Vedatech plaintiffs in their
28  briefing in that litigation and were resolved by the Court in that litigation.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 3 -
Case No. 08-cv-1426-VRW

23109\1633325.5

A. **Factual Allegations Regarding The QAD-Vedatech Relationship.**

This dispute stems from approximately 1997, when QAD apparently terminated its relationship with Subramanian and Vedatech. (Complaint at ¶¶ 29-31; *see also* First Amended Complaint in the Vedatech lawsuit ("FAC") at ¶ 24, attached with Exhibit A thereto as RJN Exh. C.) Lawsuits and countersuits ensued and ultimately included Vedatech's insurer, Defendant St. Paul. Subramanian alleges that St. Paul frustrated Vedatech's retention of counsel and ultimately stopped paying for counsel to defend them and to prosecute their substantive claims, requiring Subramanian to appear *pro se* since June 2002. (Complaint at ¶¶ 72-100; FAC ¶¶ 30-31.)

B. **Allegations Involving Wulff's Participation As A Mediator.**

In November 2003, the Vedatech plaintiffs suggested Wulff as a possible mediator to resolve the various complaints and cross-complaints between the parties in the underlying litigation. (FAC at ¶ 32.) At a hearing on January 13, 2004, the Santa Clara County Superior Court ordered the parties to submit their various disputes to mediation before Wulff. (Complaint at ¶¶ 116-18; FAC at ¶ 33.) Plaintiffs "did not object." (FAC at ¶ 37.)

On March 4, 2004, the Superior Court entered a Stipulation and Order Regarding Mediation ("Order"). (Complaint at ¶ 120; FAC at ¶¶ 40 and 46.)[4] The Order required that Subramanian and Vedatech, as well as Defendants St. Paul and QAD, participate in the mediation before Wulff scheduled for March 12, 2004. (*See* RJN Exh. D at ¶¶ 1-3.) Wulff's fee for the mediation was ordered paid in equal parts by St. Paul and QAD. (*Id.* at ¶ 7.) The Order further provided that:

> Each **party shall be prepared to sign an agreement** with the mediator at the mediation . . . such as the mediator may desire, **which protects the mediator from personal liability**, defines his role, and protects communications made to him from compelled disclosure, as is customary. . . . The parties shall abide by the usual, ordinary and customary confidentiality rules governing mediations . . .

---

[4] *See also* RJN Exh. D (March 4, 2004 Stipulation and Order Regarding Mediation).

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 4 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1   (*Id.* at ¶ 4 (emphasis added).)  California Evidence Code sections 1115 through 1128 were

2   incorporated by reference into the Order, and made explicitly applicable to the mediation.

3   (*Id.* at ¶ 5.)  California Evidence Code section 1119, pertaining to confidentiality requirements for

4   mediation, was set forth in the Order in full.  (*Id.*)

5          On March 12, 2004, as ordered, the mediation was held before Wulff.  (Complaint at

6   ¶¶ 121-138; FAC at ¶ 41.)  Subramanian (appearing *in pro per*) and Vedatech, Inc. (represented

7   by counsel) participated in the mediation.  (Complaint at ¶¶ 124-129; FAC at ¶ 52.)[5]

8   Subramanian and Vedatech reviewed copies of Wulff's standard form of Confidentiality

9   Agreement and the Mediation Procedures document clearly explaining the limitations on Wulff's

10  conflicts check and disclosure.  (FAC at ¶ 52.)[6]  Subramanian insisted that he would only sign a

11  version of the Confidentiality Agreement containing his edits.  (*Id.*)  Wulff reviewed

12  Subramanian's modified bilateral draft with Plaintiffs and discussed the document's provisions.

13  (FAC at ¶¶ 52, 53.)  Subramanian and two attorneys for Vedatech signed the modified

14  Agreement.  (FAC at ¶ 56; Exh. 1, Ingersoll Decl. at p. 2.)  Despite these allegations underlying

15  the Vedatech lawsuit, Subramanian now claims that Wulff "exerted duress" and

16  "misrepresent[ed] the extent of disclosure regarding his prior contacts with counsel," and **"forced**

17  the Vedatech parties to sign a document . . . ."  (Complaint at ¶¶ 126-127 (emphasis added).)

18         The Confidentiality Agreement provided that "all parties agree that the mediator . . . ha[s]

19  no liability for any act or omission in connection with the mediation."  (Exh. 1, Ingersoll Decl. at

20  p. 1.)  Subramanian read the Confidentiality Agreement before agreeing to be bound by its terms,

21  even making a change at an unrelated point in the quoted sentence.  (*Id.*)

22         Subramanian and Vedatech's counsel left the mediation at 4:00 p.m.  (Complaint at ¶ 129;

23  FAC at ¶ 57.)  The other parties remained.  St. Paul and QAD reached a settlement resolving

24  QAD's claims against Vedatech (St. Paul's insured) and Subramanian.  (Complaint at ¶¶ 138-

25  144; FAC, at Exh. A, p. 3, ¶¶ 1, 3.)  The settlement agreement was drafted explicitly so as not to

26  [5] *See also* "Confidentiality Agreement," signed by Subramanian and Vedatech's counsel,
    Declaration of Andrew W. Ingersoll in Support of Motions to Dismiss, for Summary Judgment
27  and/or to Strike Complaint, filed herewith ("Ingersoll Decl."), Exh. 1 at p. 2.

28  [6] *See also* Exh. 2, Ingersoll Decl.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT   - 5 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1   impair either Vedatech's or Subramanian's right to pursue any affirmative claims against QAD or

2   Vedatech's coverage claims against its insurer St. Paul.  (FAC, at Exh. A, p. 5, ¶¶ 8, 9.)

3          Unhappy with the settlement, the Vedatech plaintiffs filed the Vedatech lawsuit against

4   QAD and St. Paul.  After defendants moved to dismiss, but before any ruling by the Court, the

5   Vedatech plaintiffs filed the FAC adding Wulff as a defendant.  The FAC alleged, *inter alia*,

6   fraud, constructive fraud, negligent misrepresentation, conspiracy and unfair competition.

7          **C.      Post-Mediation Allegations.**

8          The remainder of Subramanian's allegations involving Wulff stem entirely from positions

9   Wulff's attorneys took while defending Wulff against the claims in the Vedatech lawsuit.  These

10  allegations claim that Wulff's attorneys:

11         1.   filed allegedly false declarations with the court (although Plaintiff admits that he has

12              already [unsuccessfully] argued this point to the Court in the Vedatech lawsuit)

13              (Complaint at ¶¶ 147-48);

14         2.   argued that Subramanian should be sanctioned (*id.* at ¶ 151);

15         3.   maintained these positions on appeal (*id.* at ¶ 154); and

16         4.   made alleged misrepresentations to "corruptly influence the court" in written briefs

17              and oral arguments on appeal by, for instance, "denigrating SUBRAMANIAN'S

18              status as a *pro se* litigant . . . in a derogatory and corrupt way."  (*Id.* at ¶ 165; *see also*

19              ¶ 166.)[7]

---

[7]  In fact, the argument was entirely benign.  Counsel for Wulff stated, for instance, "This is not a situation in reality of a pro se defendant who is any pro se defendant.  If you look at the excerpt of record, page one and following, you will see that he has always employed many lawyers, major law firms on occasion, international law firms on occasion.  He has always had at least one attorney at his side and at least two attorneys throughout the litigation in Federal Court here.  If you look at the record, the supplemental excerpts of record at Exhibit S, you will see the manner in which he refers to himself.  His e-mail address is prosedefendant@Yahoo.com.  We – we submit that this is a reflection of the fact that this has become something of an avocation for him and something that is inappropriate at every level." (Certified Reporter's Transcript of Audiotape of Oral Argument of May 16, 2007, attached as Exh. 3 to Ingersoll Decl., at 21:16-22:7.)  The entirety of counsel's arguments can be found at 20:23-23:12.  The exhibit counsel presented to the appellate panel summarizing the litigation chronology of the four cases, and the multiplication of proceedings up to that point, is also attached as Exh. 4 to the Ingersoll Decl.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT      - 6 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    Subramanian further alleges that "the actions taken by WULFF after the 'mediation' were

2    not in any capacity as a mediator but simply *as a civil litigant*, so that to the extent the Court may

3    find any immunity for Wulff for activities regarding any 'mediation,' they do not apply to the

4    facts alleged herein regarding obstruction of justice etc., and WULFF may not escape liability by

5    means of claiming immunity." (*Id.* at ¶ 173 (emphasis added).)

6    **D.      This Court's Ruling In The Vedatech Lawsuit.**

7    This Court dismissed all of the claims against Wulff in the Vedatech lawsuit on the

8    ground that California law on quasi-judicial immunity precluded tort claims against Wulff.  The

9    Court imposed $15,000 in Rule 11 sanctions against Subramanian, personally, for a frivolous

10   Rule 11 motion brought against Wulff, and $5,000 against Vedatech's counsel.  In addition, the

11   Court conducted a thorough analysis of the pleadings as to Wulff and awarded Wulff $22,584 in

12   costs and fees for having to defend against the unreasonable and vexatious proceedings filed by

13   the Vedatech plaintiffs. (Dismissal Order at 32:26-36:6.)  The Court wrote that:  "[it] agrees that

14   Vedatech and Subramanian, recklessly and in bad faith, multiplied the legal proceedings against

15   Wulff by recklessly raising frivolous arguments regarding the inapplicability of [*Howard*, 222

16   Cal. App. 3d at 847]." (*Id.* at 33:17-20.)  The Court found that the arguments raised by the

17   Vedatech plaintiffs were "substantively indefensible" and evidenced "a fundamental ignorance

18   (either intentional or reckless) of the ability to read case law." (*Id.* at 33:24 and 34:11-13.)  The

19   Court explicitly warned Subramanian that more extensive sanctions would be imposed if he failed

20   to cease:  "Subramanian is admonished, however, that the court will not hesitate to impose much

21   harsher Rule 11 sanctions should he continue to engage in the conduct described in this order."

22   (*Id.* at 23:26-24:1.)  So egregious were the Vedatech plaintiffs' filings in that litigation that the

23   Court found "the only way to deter Subramanian" was to impose sanctions of $1,000 per page for

24   any future frivolous filings, including any "new frivolous cause of action." (*Id.* at 24:1-5.)  The

25   ***238 paragraph, 54 page*** Complaint at issue followed.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT     - 7 -
Case No. 08-cv-1426-VRW

1    The Ninth Circuit affirmed this Court in all respects.[8]  On December 27, 2007, this Court

2    entered judgment.  (Case No. 04-01249, Dkt. No. 181.)  Subramanian has paid none of the

3    sanctions awarded, however.  Instead he has moved to set aside the judgment (twice), has moved

4    to alter or amend the judgment, and has filed this new lawsuit.  On June 16, 2008, the Court

5    ordered this case related to the Vedatech case (Case No. 04-01249, Dkt. No. 221), and on July 17,

6    2008 the Court entered an order denying Subramanian's first motion to set aside the judgment,

7    ordering him to make payments by July 31 and conditionally granting motions brought by St.

8    Paul and Wulff for an Order to Show Cause re Contempt for Subramanian's failure to pay and for

9    a debtor's exam of Subramanian (Dkt. No. 231).  In or about late July 2008 Subramanian filed

10    further pleadings attacking that order.

11    **IV.    LEGAL ARGUMENT**

12        The claims against Wulff in this lawsuit are barred by (1) *res judicata*, (2) California law

13    on quasi-judicial immunity, (3) the California litigation privilege of Civil Code Section 47(b),[9]

14    (4) the *Noerr-Pennington* doctrine, and (5) the California Anti-SLAPP procedure for striking

15    improper pleadings.[10]  Alternatively, and to preclude Subramanian from prolonging this saga by

16    voluntarily dismissing the Complaint only to refile it later, Wulff asks the Court to enter summary

17    judgment under Rule 56(f), taking all facts alleged in the Complaint to be true.

18        **A.    Subramanian's Claims Are Barred By *Res Judicata*.**

19        The dismissal of all claims against Wulff in the Vedatech lawsuit bars all of

20    Subramanian's claims here on grounds of *res judicata*.  *Res judicata* "bars re-litigation of all

21    grounds of recovery that were asserted, or could have been asserted, in a previous action between

22    the parties, where the previous action was resolved on the merits." *Tahoe Sierra Preservation*

23    _____

24    [8] RJN Exh. B (Order affirming District Court) and Exh. E (Decree of Judgment).

25    [9] In the Vedatech lawsuit, the District Court precluded claims against Wulff on grounds of
    absolute quasi-judicial immunity, and it did not rule on his claims of immunity based on Civil
    Code Section 47.  (Dismissal Order, RJN Exh. A, at 29:15-18.)  Nevertheless, the defense

26    remains applicable here.

27    [10] Because the claims against Wulff are entirely barred, this brief does not substantively challenge
    the claims, but to the extent this Court deems such an analysis necessary, Wulff incorporates by

28    reference the arguments contained in the remaining defendants' motions to dismiss.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 8 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    *Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). "*Res*

2    *judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the

3    merits, and (3) privity between parties." *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298

4    F.3d 1137, 1143 n.3 (9th Cir. 2002) (*citing Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d

5    708, 713 (9th Cir. 2001)). As discussed below, this lawsuit meets all three elements of the test.

6         The rationale behind the doctrine is particularly apt here:

7              The doctrine of res judicata provides that "a final judgment on the
              merits bars further claims by parties or their privies based on the
8              same cause of action." **The application of this doctrine is
              "central to the purpose for which civil courts have been
9              established, the conclusive resolution of disputes within their
              jurisdiction.**" Moreover, a rule precluding parties from the
10             contestation of matters already fully and fairly litigated "conserves
              judicial resources" and "fosters reliance on judicial action by
11             minimizing the possibility of inconsistent decisions."

12   *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (emphasis added) (*quoting Montana v. United*

13   *States*, 440 U.S. 147, 153-54 (1979)).

14        The burden on private parties faced with duplicative litigation is also an important

15   consideration. As the Ninth Circuit has stated: "The private values protected include shielding

16   litigants from the burden of re-litigating identical issues with the same party, and vindicating

17   private parties' interest in repose." *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995).

18   Here, the nature of the claims against Wulff in both lawsuits – reckless in the first lawsuit,

19   repeated in this second suit[11] – impose significant hardship on him and represent the worst kind of

20   waste of judicial resources, which the rule was intended to prevent.

21        In considering the first element for proving *res judicata*, it is manifest that there is an

22   identity of claims. "Whether two events are part of the same transaction or series depends on

23   whether they are related to the same set of facts and whether they could conveniently be tried

24   together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The two suits must

25   _____

26   [11] This is actually the *sixth* lawsuit related to the Vedatech-QAD relationship (*see, e.g.*,
     February 21, 2007 order in Case No. 06-3050 ("This case stems from *four* prior cases . . .")). In
27   that Order, the Court dismissed Subramanian's claims (against many of the same parties in this
     case) on *res judicata* grounds because, as here, they involved claims that "were litigated or could
28   have been litigated" in his prior actions. (Order at 18.) The Court also awarded $47,000 in
     sanctions against Subramanian for the "frivolous" arguments dismissed therein. (*Id.* at 22.)

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 9 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    arise from "the same transactional nucleus of facts." *Owens*, 244 F.3d at 714. As detailed in

2    Sections III.A-C above, there can be no question that this lawsuit complains of the exact same

3    "transactional nucleus" as in the Vedatech lawsuit: Wulff's mediation of the earlier dispute.

4         Subramanian has asserted "causes of action" against Wulff to "Set Aside the Order and

5    Judgment,"[12] for a civil "RICO" violation, for fraud and for "Violation of Civil and Constitutional

6    Rights."[13] While some of these claims were not asserted in the Vedatech lawsuit, this does not

7    justify the present action because *res judicata* precludes "claim splitting." *See, e.g., Davis v. Sun*

8    *Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (per curiam) (referring to the doctrine against claim-

9    splitting as "the 'other action pending' facet of the *res judicata* doctrine"). Because the claims in

10   this Complaint stem from the 2004 mediation that was the subject of the Vedatech lawsuit,

11   Subramanian has impermissibly split causes of action. *See, e.g., Adams v. California Dept. of*

12   *Health Services*, 487 F.3d 684, 689-90 (9th Cir. 2007).

13        As to the second element, it is indisputable that there has been a final judgment on the

14   merits in the Vedatech lawsuit. This Court dismissed all of the claims against Wulff with

15   prejudice, finding them barred by California's doctrine of quasi-judicial immunity, and entered

16   judgment. (*See* Dismissal Order at 25:17-29:20.) Dismissal for failure to state a claim under

17   FRCP 12(b)(6) is a "final judgment on the merits" for purposes of *res judicata*. *Federated Dep't*

18   *Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). The Vedatech plaintiffs unsuccessfully appealed

19   the dismissal and this Court entered judgment on all claims against Wulff (leaving open only one

20   state court claim against another defendant) on December 27, 2007. (Case No. 04-1429, Dkt.

21   No. 181.)

22        Despite the Ninth Circuit's ruling – upholding the District Court's opinion in all respects –

23   Subramanian "disputes that WULFF is eligible for immunity for any federal cause of action, and

24   to the extent plaintiff can get relief from the judgment granting immunity for state law causes of

25   _____

26   [12] This is not a valid claim, but an improper collateral attack on a valid judgment. The claim was
     recast by Subramanian in a motion (Case No. 04-1249, Dkt. 202), that this Court has since
     denied. Consequently, the claim need not be further addressed in this Motion.

27   [13] Although immaterial to resolution of this Motion, it is not clear whether Subramanian includes

28   Wulff among the class of defendants to his claim under the Unfair Competition statute.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT     - 10 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    action, disputes immunity for WULFF for any state cause of action also." (Complaint at ¶ 172.)

2    Subramanian is a sophisticated *pro se* litigant who has filed numerous appeals and at least one

3    writ of certiorari with the United States Supreme Court in an earlier related case involving QAD.

4    (*See* CV-04-01806-PJH and related appeal No. 04-16416, at Dkt. No. 26.)  Subramanian

5    understands the purposes of appeals and the effects of losing on appeal – thus, his efforts to base

6    this complaint on already-denied challenges to this legal ruling suggests that the true purpose and

7    effect in bringing this lawsuit is to harass Wulff.

8        The third element, privity between parties, is satisfied here as well.  For purposes of *res*

9    *judicata*, privity exists when a party is "so identified in interest with a party to former litigation

10    that he represents precisely the same right in respect to the subject matter involved."

11    *Stratosphere Litig. LLC*, 298 F.3d at 1143.  Here, Subramanian was a plaintiff in the Vedatech

12    lawsuit, and Wulff and many of the other named defendants were parties to that suit as well.  It is

13    no defense that Subramanian has added additional defendants, as the claims are identical.  *See*

14    *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("*res judicata* may be invoked

15    against a plaintiff who has previously asserted essentially the same claim against different

16    defendants where there is a close or significant relationship between successive defendants").

17    **B.    Subramanian's Claims Against Wulff Are Barred By California Law On
         Absolute Quasi-Judicial Immunity, By The Litigation Privilege Of Civil Code
18       Section 47(b) And By The *Noerr-Pennington* Doctrine.**

19        Subramanian's claims against Wulff here are barred by California law or by the federal

20    *Noerr-Pennington* doctrine.  The Ninth Circuit has upheld the dismissal of the state law claims

21    and nothing has changed to warrant a different result here.

22       **1.    The Doctrine Of Absolute Quasi-Judicial Immunity Precludes
23            Subramanian's Claims Against Wulff.**

24        As a court-appointed mediator, Wulff performed quasi-judicial functions and is absolutely

25    protected from civil liability under both (1) the California common law doctrine of quasi-judicial

26    immunity and (2) the statutory "litigation" privilege of California Civil Code section 47(b).

27    *Howard*, 222 Cal. App. 3d at 864 ("The absolute immunity and [statutory] privilege . . . must

28    protect [the mediator] from suit.  If such protection is to be meaningful it must be effective to

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 11 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1  prevent suits such as this one from going beyond demurrer."). The *Howard* holding is controlling

2  California authority mandating that all claims against Wulff be dismissed.

3      This Court's ruling dismissing the claims in the Vedatech lawsuit is clear:

4          Quite appropriately, Wulff cites *Howard* in support of his motion to
   dismiss all claims against him in this case.

5

6        . . .

7          Under *Howard*, Wulff is immune from all claims asserted against
   him in the FAC.

8  (Dismissal Order at 27:27-28 and 29:13-14.)[14]

9      *Howard v. Drapkin* applies here. In the Vedatech lawsuit, Subramanian admitted that he

10  was ordered by Judge Komar to mediation before Wulff. (*See* Excerpt of Transcript of

11  September 16, 2004 Hearing ("Transcript"), Ingersoll Decl., Exh. 5 at 38:12-19.) He also

12  conceded: "*Howard v. Drapkin* does not necessitate that the mediator be a court-appointed

13  mediator in order to qualify under its reasoning for absolute immunity." (*Id.* at 54:25-55:2.) As

14  the Court noted, Subramanian's arguments to the contrary in the Vedatech lawsuit displayed "a

15  fundamental ignorance (either intentional or reckless) of the ability to read case law." (Dismissal

16  Order, RJN Exh. A, at 34:11-13.) The continued assertion of claims in this latest lawsuit, after a

17  failed appeal and the imposition of sanctions, crosses the line to gross recklessness. As before,

18  any claims against Wulff ultimately derive from his role and conduct as a court-appointed

19  mediator and should therefore be dismissed with prejudice.

20      **2.    The Litigation Privilege Of California Civil Code Section 47 Precludes Subramanian's State Law Claims Against Wulff.**

22      In addition to quasi-judicial immunity, the California Civil Code bars Subramanian's state

23  law claims against Wulff based on communications connected to or made in the course of his

24  conduct as a mediator,[15] as well as that of his attorneys in the Vedatech lawsuit. *See* Cal. Civ.

[14] *See also* Order of the Court of Appeals, RJN Exh. B, at p. 8 ("A mediator, such as Randall Wulff, "fulfilling a quasi-judicial function intimately related to the judicial process" qualifies for such immunity. [Howard] at 854.").

[15] Although the litigation privilege of Section 47(b) may not be applicable to some claims based on federal statutes, Mr. Wulff's quasi-judicial immunity under *Howard* unquestionably applies to all of Subramanian's claims. *See Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (disallowing

MOTION TO DISMISS, FOR SUMMARY JUDGMENT AND/OR TO STRIKE COMPLAINT   - 12 -
Case No. 08-cv-1426-VRW

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

23109\1633325.5

1    Code § 47(b); *see also Kashian v. Harriman*, 98 Cal. App. 4th 892, 912 (2002) ("Civil Code

2    section 47, subdivision (b) defines what is commonly known as the '[L]itigation [P]rivilege.'").

3    The Litigation Privilege applies to communications: "(1) made in judicial or quasi-judicial

4    proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of

5    the litigation; and (4) that have some connection or logical relation to the action." *Silberg v.*

6    *Anderson*, 50 Cal. 3d 205, 212 (1990). Further, the privilege applies "to any communication . . .

7    and all torts except malicious prosecution" and to communications "outside the courtroom and

8    [where] no function of the court or its officers is involved." *Id.* (citations omitted).

9            The allegations against Wulff in this lawsuit are but a different version of those contained

10   in the Vedatech lawsuit and, as in that lawsuit, fall squarely within those protected by

11   Section 47(b). All of them – including those that also violate the Anti-SLAPP procedure (see

12   below) – are connected to Wulff's efforts to conduct the court-ordered mediation. For instance,

13   Subramanian describes the process at the outset of the mediation (Complaint at ¶¶ 122-25),

14   alleges that the conflicts check and disclosures were inadequate (Complaint at ¶ 126; *compare*

15   FAC at ¶¶ 48, 51-53, 55), alleges that the mediation allowed St. Paul and QAD to conduct their

16   fraud in secrecy (Complaint at ¶¶ 130, 135-36; *compare* FAC at ¶¶ 42, 48, 52-53, 55), and

17   complains about continuation of the mediation as between St. Paul and QAD after Plaintiffs left

18   (Complaint at ¶¶ 134-44; *compare* FAC at ¶¶ 57-59).

19           Subramanian's additional allegations involving the acts of Wulff's attorneys in the

20   Vedatech lawsuit are similarly protected. (Complaint at ¶¶ 147-151, 154-57, 165-66.) This is

21   true even where the alleged communications could be in furtherance of allegedly fraudulent aims:

22               [C]ommunications made in connection with litigation do not
23               necessarily fall outside the privilege simply because they are, or are
                 alleged to be, fraudulent, perjurious, unethical, or even illegal. This
24               is assuming, of course, that the communications are "logically
                 related" to the litigation. **The communications in this case were**
25               **not only related to the litigation, they were the litigation, or**
                 **more accurately the pleadings in the litigation.**

26

27   the state law Section 47 defense for private actors in the context of claims arising under

28   42 U.S.C. § 1983 but affirming dismissal of all claims against state court judge, citing *Ashelman*
     *v. Pope* 793 F.2d 1072 (9th Cir. 1986) (en banc)).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 13 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1  *Kashian*, 98 Cal. App. 4th at 920 (dismissing California Unfair Competition claims, among

2  others) (emphasis added); *see also Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1145 (1996) ("[A]

3  communication is privileged under section 47(b) if made in, or in anticipation of, litigation by

4  litigants or other authorized participants to achieve the objects of the litigation, and if the

5  communication has some connection or logical relation to the action.") (citing, among others,

6  *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)).  Here, much as in *Kashian*, Subramanian's only

7  new allegations are that the filings and oral statements made by Wulff's attorneys trigger liability.

8  But, as in *Kashian*, the Litigation Privilege compels dismissal of these vexatious claims.

9         **3.**      **The *Noerr-Pennington* Doctrine Separately Supports Dismissal Of All**

10                **Claims Asserted Against Wulff.**

11        The federal common law *Noerr-Pennington* doctrine separately supports dismissal of all

12  of Subramanian's claims against Wulff, including those based on federal law.  Under this

13  doctrine, "those who petition any department of the government for redress are generally immune

14  from statutory liability for their petitioning conduct."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929

15  (9th Cir. 2006).  Such protected conduct includes litigation activity.  *See, e.g., California Motor*

16  *Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11 (1972).  Here, because the acts

17  underlying Subramanian's claims against Wulff all stem from or involve the participation of

18  Wulff or his attorneys in ongoing litigation, the federal common law *Noerr-Pennington* doctrine

19  separately supports dismissal of those claims with prejudice.  *See, e.g., Sosa*, 437 F.3d at 942

20  (dismissing RICO claim based on pre-litigation demand letter); *Manistee Town Center v. City of*

21  *Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000) (affirming dismissal of claims under

22  42 U.S.C. § 1983); and *Meridian Project Systems, Inc. v. Hardin Const. Co., LLC*, 404 F. Supp.

23  2d 1214 (E.D. Cal. 2005) (dismissing state law claims including a claim under California's unfair

24  competition statute).  That some of the communications underlying Subramanian's claims arose

25  in the context of a mediation, as opposed to in court, changes nothing.  *See Columbia Pictures*

26  *Indus., Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991),

27  *aff'd*, 508 U.S. 49 (1993) (petitions directly to court and communications "incidental to the

28  prosecution of the suit," such as those involving settlement communications, are protected by the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 14 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1  doctrine).  Plainly, *Noerr-Pennington* provides a separate ground compelling dismissal of

2  Subramanian's ill-conceived claims against Wulff.

3       **C.**    **In The Alternative, Summary Judgment Should Be Granted On The Claims**

4               **Against Wulff.**

5  As an alternative ground for disposing of this unmeritorious lawsuit, and without

6  prejudice to the motion to dismiss or motion to strike, Wulff seeks an order granting summary

7  judgment in his favor pursuant to FRCP Rules 12(b) and 56.  For purposes of this Motion, Wulff

8  accepts as true every allegation in the new Complaint.  Subramanian's claims are barred by

9  mediator immunity under California common law.  Subramanian has categorically admitted that

10  Judge Komar ordered the Vedatech plaintiffs to mediation before Wulff (Transcript at 38:12-19).

11  Moreover, as Subramanian also concedes, "*Howard v. Drapkin* does not necessitate that the

12  mediator be a court-appointed mediator in order to qualify under its reasoning for absolute

13  immunity."  (Transcript at 54:25-55:2.)  Immunity applies regardless of any imagined distinction

14  as to whether the mediator in a court-ordered mediation is properly considered "court-appointed."

15  This Court's ruling should preclude any possibility that Subramanian, who has filed nearly

16  a dozen separate actions in this Court (when considering the multiple removal petitions) related to

17  the underlying controversy, is able to reassert claims against Wulff.  Anything less would

18  frustrate the purpose behind mediator immunity which, as *Howard* explained, is to discourage

19  "inappropriate collateral attacks" and to insulate mediators "from vexatious actions prosecuted by

20  disgruntled litigants."  *Howard*, 222 Cal. App. 3d at 852 (citations omitted).  Indeed, "if such

21  protection is to be meaningful it must be effective to prevent suits such as this one from going

22  beyond demurrer."  *Id.* at 905.

23  Under Rule 41(a), this motion for summary judgment means that Subramanian cannot

24  avoid resolution in this Court by preemptively withdrawing his Complaint.  FRCP Rule

25  41(a)(1)(i).  Any dismissal can now only be by stipulation or court order.  Either way, in order to

26  achieve the purposes articulated by *Howard*, it is imperative that dismissal be with prejudice and

27  without leave to amend.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 15 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1    In order to ensure that Subramanian's harassing and vexatious litigation is put to a final

2    end, the Court should either (1) dismiss this action with prejudice and without leave to amend

3    under Rule 12(b)(6), or (2) grant Wulff summary judgment under Rule 56.

4    **D.    Subramanian's State Law Claims Should Be Stricken Under California's**
       **Anti-SLAPP Law.**

5

6    Because Subramanian's claims arise out of the conduct of Wulff as a mediator or the

7    conduct of his attorneys in the Vedatech lawsuit, his state law claims should be stricken under

8    California Anti-SLAPP procedure. CCP § 425.16.[16] "SLAPP" is an acronym for "strategic

9    lawsuit against public participation." *Decker v. U.D. Registry, Inc.*, 105 Cal. App. 4th 1382, 1385

10   (2003). The Anti-SLAPP protection applies where "but for . . . actions taken in connection with

11   [earlier] litigation, [the plaintiff's] present claims would have no basis." *Navellier v. Sletten*, 29

12   Cal. 4th 82, 90 (2002). Under the statute, "a cause of action against a person arising from any act

13   of that person in furtherance of the person's right of petition or free speech under the United

14   States or California Constitution in connection with a public issue shall be subject to a special

15   motion to strike . . ." CCP § 425.16(b). In this diversity action, the District Court applies the

16   California Anti-SLAPP procedures. *See United States ex rel. Newsham v. Lockheed Missiles &*

17   *Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) ("[CCP § 425.16] and Rules 8, 12, and 56 can exist

18   side by side each controlling its own intended sphere of coverage without conflict . . . The Anti-

19   SLAPP statute, moreover, is crafted to serve an interest not directly addressed by the Federal

20   Rules: the protection of the constitutional rights of freedom of speech and petition for redress of

21   grievances.") (citations omitted).

22

23

24

_____

25   [16] As with the immunity from Subramanian's state law claims provided by California Civil Code
     Section 47(b), Subramanian's federal claims may not be subject to California's Anti-SLAPP
26   procedure. *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1094 (C.D. Cal.
     2008) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law
27   claims"). But the claims remains subject to dismissal under the *Noerr-Pennington* doctrine as
     discussed above. *See also United States. v. Hempfling*, 431 F. Supp. 2d 1069, 1084, n.8 (E.D.
28   Cal. 2006) ("[T]he *Noerr-Pennington* doctrine is a cousin to modern anti-SLAPP statutes.").

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 16 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1.    **The Actions Of Wulff And His Attorneys Are Protected Speech.**

Resolving an Anti-SLAPP motion is a two-step process. First, the court must consider whether the defendant and moving party has made a threshold showing that the challenged causes of action arise from protected activity. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 60 (2002). "The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).)" *Id.* at 67. The constitutional right to petition encompasses *any litigation activity* before a judicial body. *Navellier*, 29 Cal. 4th at 90. While cases subject to Anti-SLAPP proceedings typically involve allegations that a lawsuit was *filed* to squelch speech, litigation activity *defending* against a lawsuit – especially a sham lawsuit by the very same plaintiff– must be equally protected:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) **any written or oral statement or writing made in connection with an issue under consideration or review by a** legislative, executive, or **judicial body**, or any other official proceeding authorized by law.

CCP § 425.16(e) (emphasis added); *see also Kashian*, 98 Cal. App. 4th at 908 ("statements made in connection with or in preparation of litigation are subject to section 425.16") (*citing Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999)); *and Jefferson v. Carey*, No. 98-3754, 1999 U.S. Dist. LEXIS 11470, at *4-5 (N.D. Cal. July 20, 1999) (declaration of attorney absolutely privileged under Section 47(b)(2)).[17]

As outlined in Section III above, Subramanian complains about actions taken, and statements made, by Wulff (during the underlying mediation) and by Wulff's attorneys (during the Vedatech lawsuit) that he feels should trigger liability. According to Subramanian, these

_____

[17] *See also Order, Subramanian v. QAD et al.*, Case No. 06-3050, Dkt. No. 75, (Feb. 21, 2007). In that case, this Court dismissed Subramanian's claims against many of the same defendants here for those defendants' litigation activities. (Order at *9.) The Court also granted those defendants' motions to strike and for attorneys' fees. (*Id.* at *14.)

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 17 -
Case No. 08-cv-1426-VRW

23109\1633325.5

1  actions somehow prevented Wulff from being a "true 'neutral'" (*id.* at ¶ 201), and included

2  Wulff's "help" in "arrang[ing] the 'mediation'" (*id.* at ¶ 213) and, with respect to the acts of

3  Wulff's attorneys, constitute "fraud upon the court" (*id.* at ¶ 176), and consist of "false statements

4  in . . . court filings" (*id.* at ¶ 183.1). Subramanian even goes so far as to allege that Wulff is

5  potentially liable for his acts during the mediation and "his acts subsequent to the mediation."

6  (*Id.* at ¶ 236.) Under Section 425.16 and the case law interpreting it, because the complained-of

7  actions were so clearly "made in connection with an issue under consideration or review by a . . .

8  a judicial body," the first step in the two-step Anti-SLAPP process is easily satisfied here.

9      **2.    Subramanian Cannot Establish A Probability That He Will Prevail.**

10      Under the second step of the Anti-SLAPP procedure, where a prima facie showing of

11  protected speech is shown, the burden shifts to the non-moving party. Here, because the

12  statements of Wulff and his attorneys are protected, Subramanian must establish a "probability"

13  that he will prevail on the claims he has asserted. *Equilon*, 29 Cal. 4th at 61. This he cannot do.

14      To meet his burden, Subramanian must produce competent evidence showing that he has

15  "stated and substantiated a legally sufficient claim." *Briggs*, 19 Cal. 4th at 1123. "The motion to

16  strike should be granted if, as a matter of law, the properly pleaded facts do not support a claim

17  for relief." *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798, 809 (2002). As discussed

18  above, Subramanian simply has no claim against Wulff, who is entitled to quasi-judicial

19  immunity and protected from suit based on the Litigation Privilege in California law, and as

20  already specifically found by this Court in its order dismissing the Vedatech lawsuit. Indeed, this

21  Court found his claims against Wulff in the Vedatech lawsuit were so baseless as to warrant

22  sanctions under 28 U.S.C. § 1927.[18] Subramanian can produce no evidence showing that his

23  claims based on California law have merit and they should be stricken.

24

25

26

27

28

---

[18] The Court should also consider exercising its discretion in sanctioning Subramanian pursuant to its June 22, 2005 Order and 28 U.S.C. § 1927. As discussed above, this Court already sanctioned Subramanian for "frivolous" and "vexatious" conduct, and threatened further sanctions of $1,000 per page for any future frivolous filings. This Complaint, which simply repeats the losing arguments first brought in 2004, should qualify for imposition of such sanctions.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 18 -
Case No. 08-cv-1426-VRW

23109\1633325.5

V.   **CONCLUSION**

Whether through application of *res judicata,* absolute quasi-judicial immunity, the Litigation Privilege of California Civil Code Section 47(b), the *Noerr-Pennington* doctrine, or through California's Anti-SLAPP procedure, Subramanian's claims against Wulff in this latest Complaint are wholly barred.  Because there is no possible grounds for maintaining an action against Wulff with respect to the mediation, the Court should order the claims dismissed with prejudice.

Dated:  August 4, 2008                    FARELLA BRAUN & MARTEL LLP


By: _____/s/_____
              Andrew W. Ingersoll

Attorneys for Defendant
RANDALL WULFF

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS, FOR SUMMARY
JUDGMENT AND/OR TO STRIKE COMPLAINT    - 19 -
Case No. 08-cv-1426-VRW

23109\1633325.5