James S. Greenan (SBN 53648)
jgreenan@gpsllp.com
Nelson Hsieh (SBN 177128)
nhsieh@gpsllp.com
Yen Chau (SBN 221087)
ychau@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
Post Office Box 10
6111 Bollinger Canyon Road, Suite 500
San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

Attorneys for Defendants ST. PAUL FIRE &
MARINE INSURANCE CO. and
GREENAN, PEFFER, SALLANDER & LALLY LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI SUBRAMANIAN, as an individual and citizen of Washington, and as a derivative action plaintiff,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota Corporation, and QAD, INC., a Delaware Corporation and principal place of business in California, and ARTHUR ANDERSON LLP, a limited liability partnership headquartered in Chicago, Illinois, and ANDERSEN WORLDWIDE SC, a Societe Cooperative headquartered in Geneva, Switzerland, and JOHN DOORDAN, an individual and citizen of California, and LAIFOON LEE, an individual and Citizen of California, and ROLAND DESILETS, an individual and citizen of New Jersey, and WILLIAM D. CONNELL, an individual and citizen of California, and GREENAN PEFFER, SALLANDER AND LALLY LLP, a limited liability partnership headquartered in California, and RANDALL WULFF, an Individual, and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. C08-1426 VRW<br><br>**ST. PAUL'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS THE COMPLAINT OF MANI SUBRAMANIAN FOR:**<br><br>1. **SET ASIDE JUDGMENT AND ORDER (FRCivP rule 60(d)(1);**<br>2. **CIVIL RICO (18 U.S.C. §1964 et seq.);**<br>3. **FRAUD AND CONSPIRACY TO FRAUD;**<br>4. **UNFAIR COMPETITION;**<br>5. **VIOLATION OF CONSTITUTIONAL RIGHTS (42 U.S.C. §1983)**<br><br>**OR IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR FOR SUMMARY JUDGMENT**<br><br>Date:  October 9, 2008<br>Time:  2:30 p.m.<br>Dept.:  Courtroom 6<br>The Honorable Vaughn R. Walker |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF ISSUES ........................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................ 3

POINTS AND AUTHORITY FOR DISMISSAL........................................................................ 5

   I.   THIS ACTION IS A SHAM ATTEMPT TO RE-LITIGATE ISSUES/CLAIMS WHICH PLAINTIFF HAS ALREADY LOST ............................................................................. 5

      A.   The Misconduct Alleged Does Not Meet The Standard For Vacating A Judgment. ........ 6

      B.   The Allegations Do Not State A Claim For The Fraud Upon Which This Action Is Based. ...................................................................................................................................7

   II.   THIS ACTION IS PRECLUDED BY RES JUDICATA AND CLAIMS PRECLUSION AND ALSO CONSTITUTES AN IMPERMISSIBLE SPLITTING OF ACTIONS......... 9

   III.   THE ACTION CAN NOT STAND BECAUSE OF NOERR-PENNINGTON IMMUNITY. ................................................................................................................... 10

   IV.   THE THIRD AND FOURTH CAUSES OF ACTION SHOULD BE STRICKEN UNDER CALIFORNIA'S ANTI-SLAPP LAW. ................................................................................ 11

   V.   ALTERNATIVELY, SUMMARY JUDGMENT IS PROPER. ....................................... 13

CONCLUSION............................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. California Dept. of Health* Services**,** 487 F.3d 684, 689 (9th Cir. 2007) ......................... 9

*Baker v. General Motors Corp.,* 522 U.S. 222, 233, n. 5, (1998) .................................................. 10

*Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798 (2002) ..................................... 7, 8

*California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510-511 (1972) ............. 11

*Cheminor Drugs, Ltd. v. Ethyl Corp.,* 168 F.3d 119, 128-29 (3d Cir.1999) ................................. 10

*Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc*., 690 F.2d 1240 (9th Cir. 1982) .. 10

*Empress, LLC v. City & County of San Francisco,* 419 F.3d 1052, 1057 (9th Cir. 2005) ........... 10

*England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960) ..................................................................... 6

*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, at 398 (USSC 1981) ................................. 10

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944) ................................... 7

*Hurvitz v. St. Paul* 109 Cal.App.4th 918 (2003) ............................................................................ 5

*In re: Compact Disc Minimum Advertised Price Antirtrust Litigation*, 456 F.Supp.2d
    131 (2006) ................................................................................................................................ 6

*Int'l Bhd. of Teamsters, Local 734 Health Workers and Welfare Trust v. Phillip Morris,*
    *Inc.*, 196 F.3d 818, 826 (7th Cir.1999) ................................................................................... 10

*Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378 (NY 1966) ..................................................... 8

*Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir.2001) ............................. 9

*Santana Prods. v. Bobrick Washroom Equip., Inc.,* 249 F.Supp.2d 463, 492
    (M.D. Pa. 2003) ...................................................................................................................... 11

*Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) ............................................................... 9

*Sosa v. DIRECTV, Inc.,* 437 F.3d 923 (9th Cir. 2006) .................................................................. 11

*Summit Media LLC v. City of Los Angeles* 530 F. Supp.2d 1084 (C.D. Cal. 2008) ...................... 11

*Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064
    (C.A. 2003) .............................................................................................................................. 9

*Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir.1996) ........................................................................ 9

*Travelers Cas. & Sur. Co. v. Crow & Sutton Associates*, 228 F.R.D. 125 (N.D. NY 2005) .......... 6

*Travelers Indemnity Co. v. Gore*, 761 F.2d 1549 (1985) ............................................................... 5

*United States v. Beggerly,* 524 U.S. 38, 118 (1998) .................................................................. 6, 7

*U.S. v. Hempfling,* 431 F.Supp.2d 1069, 1084, footnote 8, (E.D. Cal. 2006) .............................. 11

**Rules**

Rule 60(b) ............................................................................................................................. 2, 6, 7

**Statutes**

42 U.S.C. §1983 ................................................................................................................ 5, 10, 11

California Civil Code Section 47(b) .......................................................................................11, 13

CCP Section 425.16 ............................................................................................... 1, 3, 11, 12, 13, 14

**Other Authorities**

*Noerr-Pennington* doctrine ..................................................................................... 1, 2, 3, 10, 11,14

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 9, 2008, at 2:30 p.m. in Courtroom 6, Defendants St. Paul Fire & Marine and Greenan Peffer Sallander & Lally, LLC will hereby move the Court for an Order dismissing this Action in its entirety.

This Motion to Dismiss Or in the Alternative, for Summary Judgment is brought on the grounds that all of Plaintiff Mani Subramanian's ("Subramanian's") claims against St. Paul are barred by 1) *res judicata,* 2) failure to state facts constituting an action; and 3) the *Noerr-Pennington* doctrine. St. Paul also moves to strike the Third Cause of Action for Fraud and Conspiracy to Fraud, and Unfair Competition and Fourth Cause of Action for Unfair Competition pursuant to Cal. Code Civ. Proc. § 425.16(e). This motion is brought pursuant to Rule 12(b)(6), Federal Rules of Procedure ("FRCP"). This Motion to Dismiss may also be considered as an alternative motion for summary judgment under Rule 56 of the FRCP on the grounds that there are no genuine issues of material fact that the allegations against St. Paul can not support a claim of fraud upon the court, are not barred by res judicata and claims splitting or by immunity based upon Noerr-Pennington in addition to, or in the alternative to Cal. Code Civ. Proc. § 425.16(e).

This motion is based on the accompanying Memorandum of Points and Authorities; the accompanying request for judicial notice; and such other matters as may be presented for the Court's consideration.

## INTRODUCTION

Defendants St. Paul Fire & Marine Insurance Co. and Greenan, Peffer, Sallander & Lally LLP, St. Paul's lawyers throughout this litigation (collectively "St. Paul"), respectfully request that this court dismiss this action in its entirety and protect St. Paul from plaintiff Mani Subramanian's continued harassment by his repetitive actions.

Subramanian first sought to set aside the settlement agreement at issue in this action in March 2004, by filing Case No. 04-1249 VRW, *Request for Judicial Notice ("RJN"), Exhibit 1,* which sought a declaratory judgment that the Settlement Agreement was null and void. After

1  this Court dismissed all but one claim[1] in Case No. 04-1249 VRW, Subramanian appealed this
2  Court's Order to the Ninth Circuit. The Ninth Circuit dismissed the appeal, affirming entirely
3  this Court's Order of June 2005. *See* Mandate of Ninth Circuit Court in No. 05-16255 (D.C. No.
4  CV-04-1403 VRW), filed July 19, 2007, *RJN, Exhibit 3*. Subramanian then filed a petition for
5  an *en banc* rehearing before the Ninth Circuit, which was also denied. On December 27, 2007,
6  the Court entered Judgment on the Order. *Judgment, RJN, Exhibit 4.*

7  Subramanian now brings this new action to set aside the Judgment and Order, in essence
8  attempting to litigate again what he has already litigated, lost, and lost again on appeal.
9  Moreover, Subramanian has also filed a Rule 60(b) motion for relief from the Judgment *(filed in
10 Case No. 04-1249, RJN, Exhibit 5),* and another Motion for Correction and Clarification of the
11 December 2007 Judgment *(filed in Case No. 04-1249, RJN, Exhibit 6).* These motions have
12 been denied.[2]

13 For the obvious reason of claims preclusion, along with other fatal defects such as
14 immunity under the *Noerr-Pennington* doctrine, all claims in this newest action are not viable.
15 Accordingly, St. Paul submits this motion to dismiss[3].

16 **STATEMENT OF ISSUES**

17  1.  Should the Complaint be dismissed for failure to state a claim?
18  2.  Is the Complaint barred by res judicata, claims preclusion and claims splitting?

---

[1] Only the insurance bad faith cause of action was stayed pending the resolution in state court of the same issue. This Court ordered that "To be clear, Vedatech and Subramanian are *not* to file any other memoranda relating to this cause of action save [a status report within 30 days of disposition of the insurance bad faith claim in state court]." *Order, RJN, Exhibit 2, at *23.*
[2] The July 17, 2008 Order denying the Rule 60(b) motion for relief from the Judgment (RJN, Exhibit 5), and the Motion for Correction and Clarification of the December 2007 Judgment (RJN, Exhibit 6) were denied. *July 17, 2008 Order, RJN, Exhibit 7.* Subramanian has since filed a motion for reconsideration of the July 17, 2008 Order. *See Motion for Clarification and Reconsideration, July 28, 2008, RJN, Exhibit 8.*
[3] St. Paul also joins in the Motions for Dismissal of defendants Randall Wulff and QAD defendants, which detail with specificity alternative grounds for dismissal, striking and/or summary judgment. See St. Paul's Notice of Joinder to Motion to Dismiss of Defendant Wulff and Notice of Joinder to Defendants QAD, Connell, Dordan and Lee's Motion to Dismiss.

3.   Is the Complaint barred by *Noerr-Pennington* immunity?

4.   Are the Third and Fourth Actions barred by Cal. Code Civ. Proc. § 425.16(e) (Anti-SLAPP)?

**STATEMENT OF FACTS**

The concise history and relevant facts to this case are:

1.   QAD and Subramanian began litigation in state court over a contractual dispute in January 1998. *Complaint, Case No. 08-1426 JSW ("Complaint"), ¶60.*

2.   Subramanian tendered the state court action to St. Paul in January 1999, and St. Paul began defending Subramanian in the state action, subject to a reservation of rights. St. Paul does not represent Subramanian in his affirmative actions against QAD. *Complaint, ¶¶71-72, 77-79.*

3.   All parties to the state action were ordered by Judge Komar to attend mediation. *Complaint, ¶¶118-119.*

4.   The mediation occurred on March 12, 2004. Complaint, ¶122. Subramanian left the mediation early, the other parties remained, and were able to reach an agreement (the "Settlement Agreement"). The Settlement Agreement, between QAD and St. Paul, resolved only QAD's claims against Subramanian. The Settlement Agreement explicitly did not affect Subramanian's affirmative actions against QAD. Subramanian was not a party to the Settlement Agreement. *Complaint, ¶¶122-144.*

5.   Subramanian disputed the authority of St. Paul to enter into the Settlement Agreement. Subramanian filed the federal action Case No. 04-1249 VRW based upon diversity, for declaratory judgment to declare the Settlement Agreement null and void. Subramanian also brought actions for injunctive relief, fraud, constructive fraud, negligent misrepresentation, insurance bad faith, and unfair competition.[4] *Complaint, Case No. 04-1249 VRW, RJN*

---

[4] Subramanian alleged that St. Paul had a pre-mediated plan for engaging in collusive and bad faith negotiations with QAD and with the help of Wulff *(Complaint, Case No. 04-01249, ¶34);* failure of St. Paul to disclose prior relationship with Wulff *(Complaint, 04-01249, ¶36);* Subramanian was tricked into consenting to mediation *(Complaint, 04-01249, ¶37);* the Settlement Agreement was reached after Subramanian left mediation *(Complaint, Case No. 04-01249, ¶¶58-66).*

1 | *Exhibit 1.*

2 |     6.    The fraud action in Case No. 04-1249 alleged that St. Paul obtained Subramanian's consent to mediation by failing to disclose its prior relationship with mediator Wulff. *Complaint, Case No. 04-1249 VRW, RJN Exhibit 1, ¶104.*

    7.    The unfair competition action alleged that St. Paul acted fraudulently to induce Subramanian's consent to the mediation by failing to disclose the nature of St. Paul's prior relationship with Wulff. *Complaint, Case No. 04-1249, RJN Exhibit 1, ¶152.*

    8.    St. Paul filed a motion to dismiss Case No. 04-1249 VRW, which was granted in its entirety except as to the insurance bad faith claim, which was stayed pending resolution of the same issue in state court. *Order, RJN Exhibit 2.*

    9.    The Court dismissed the request for declaratory judgment regarding the enforceability of the Settlement Agreement. It held that because the enforceability of the Settlement Agreement was currently pending in two state court actions, it declined to exercise its discretion to issue declaratory relief.[5] *Order, RJN Exhibit 2, at \*19.*

    10.    The Court dismissed the fraud action, holding that Subramanian could not show reliance upon the fraud of defendants, as Subramanian was *ordered* to attend the mediation. Order, RJN Exhibit 2, at \*20. The Court also stated "If Vedatech and Subramanian were not present when the settlement agreement was negotiated, it follows that the settlement agreement could not have been acquired by the means of St. Paul, QAD and QADKK's alleged fraudulent scheme to trick Vedatech and Subramanian into attending the mediation." Order, RJN Exhibit 2, at \*24.

    11.    Subramanian appealed the Order. The Ninth Circuit dismissed the appeal, affirming entirely this Court's Order of June 2005. *See* Mandate of Ninth Circuit Court in Case No. 05-16405 (USDC Case No. 04-1249 VRW), filed July 19, 2007, RJN, Exhibit 3.

---

[5] "Vedatech and Subramanian are asking the court to issue a declaratory judgment regarding certain contractual rights they, St. Paul, QAD and QADKK <u>may</u> or <u>may not</u> have in two pending state court cases…The Ninth Circuit has made clear that the purpose of declaratory relief in federal courts is not to 'provide insurance against a state court deciding the issues less favorable than a district court.'" *Order, RJN Exhibit 2, at \*19.*

12. On March 12, 2008, Subramanian filed the present action, seeking to set aside the Judgment and Order. Subramanian also alleged claims for Civil RICO, fraud and conspiracy to commit fraud, unfair competition, and violation of constitutional rights pursuant to 42 U.S.C. §1983.

13. With regard to his action for fraud upon the court, Subramanian alleges that St. Paul and QAD fraudulently obtained his consent to mediation by failing to disclose that QAD had "CGL" coverage for the years 2001 through 2007 with St. Paul. Furthermore, Subramanian alleges that St. Paul engaged in "misrepresentations" to the court by failing to disclose its insurer status. Subramanian further alleges that St. Paul, QAD and Wulff made misrepresentations in their legal submissions to the court, specifically to their legal presentation of the *Hurvitz v. St. Paul* 109 Cal.App.4th 918 (2003) case in support of St. Paul's right to settle. Complaint, ¶¶ 111-113, 130-131, 150-155, and 170-171.

14. Whereas previously Subramanian only alleged that St. Paul obtained his consent to mediation by failing to disclose its prior relationship with Wulff, Subramanian now additionally alleges that St. Paul fraudulently failed to disclose its insurer relationship with QAD in order to obtain his consent to mediation.

15. Regarding his civil RICO action, Subramanian alleges that St. Paul, QAD and others formed multiple enterprises for the purposes of effecting the agreement to participate in the mediation, participation in the mediation, the utilization of mediator Wulff's services, and obtaining the Settlement Agreement, all to Subramanian's detriment. Complaint, ¶¶111-144.

**POINTS AND AUTHORITY FOR DISMISSAL**

**I.  THIS ACTION IS A SHAM ATTEMPT TO RE-LITIGATE ISSUES/CLAIMS WHICH PLAINTIFF HAS ALREADY LOST**

In the previous action, Subramanian alleged that fraud was had upon him. Because that argument did not work, he now alleges that fraud was had upon the court. However, a party cannot use an independent action for relief from judgment as a vehicle for the re-litigation of issues. *Travelers Indemnity Co. v. Gore*, 761 F.2d 1549 (1985). It is apparent and without doubt

however, that this is exactly Subramanian's goal.[6]

A. The Misconduct Alleged Does Not Meet The Standard For Vacating A Judgment.

Nonetheless, the present action fails because "To set aside a judgment or order because of fraud on the court…it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). Fraud upon the court, as distinguished from fraud on an adverse party is typically limited to egregious events attacking the judicial machinery itself, such as bribery of a judge, and requires more than an injury to a single litigant. *Travelers Cas. & Sur. Co. v. Crow & Sutton Associates,* 228 F.R.D. 125 (N.D. NY 2005).

Absent affirmative misrepresentation to a court, an attorney's undisclosed conflict of interest does not meet the standard for vacating a judgment on grounds of fraud on the court. *In re: Compact Disc Minimum Advertised Price Antirtrust Litigation*, 456 F.Supp.2d 131 (2006). Here, Subramanian has only asserted that St. Paul failed to disclose its prior relationship with Wulff, and its insurer relationship with QAD. Accordingly, absent an *affirmative* misrepresentation to a court, this undisclosed conflict of interest does not meet the standard for vacating the judgment on the grounds of fraud on the court.[7] *Id.*

In *United States v. Beggerly,* 524 U.S. 38, 118 (1998), the United States government sued claimants and others to quiet title to land it sought for a federal park. The government and

---

[6] First the allegations upon which he seeks relief from the judgment are groundless and can be nothing but an attempt to re-litigate what he has already lost. Further, that Subramanian's only quest is to set aside the judgment is apparent in that, in addition to this complaint, he has not only filed a Rule 60(b) motion for relief from the Judgment entered in the Fourth Action, but has also filed a Motion for Correction and Clarification of the December 2007 Judgment in that same case. *(RJN Exhibits 5 and 6)*. In essence, plaintiff filed three petitions for relief from the December 2007 Judgment subsequent to his lost appeal of that same order. This Court recently rejected those motions for relief and "correction," and Subramanian has immediately moved to reconsider that Order. *See July 17, 2008 Order, RJN Exhibit 7*. It is obvious that the claim of fraud is nothing more than an improper attempt to re-litigate the enforceability of the settlement.

[7] To the extent that Subramanian asserts fraud upon the court for St. Paul's misrepresentations of legal cases, "Assertions of legal positions do not amount to fraud or misstatement for purposes of motion for relief from a judgment based on fraud." *Lindsey v. U.S.,* 532 F.Supp.2d 144 (D.D.C. 2008).

Greenan,
Peffer,
Sallander &
Lally LLP

6

1  claimants entered into a settlement whereby title to the disputed land was quieted in favor of the
2  United States in return for a payment of $208,175.87.  Judgment was entered based upon the
3  settlement.  *Beggerly,* after judgment, found evidence the land could not have ever been owned
4  by the government, and sought to have the judgment set aside by filing the independent action.
5  The Supreme Court, in ruling that such action could not be had, opined:

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of res judicata.

10  *Id.,* at 46 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944)).  The
11  Supreme Court concluded that the government's failure to furnish relevant information did not
12  amount to gross injustice warranting the independent action.  Here, as in *Beggerly*, assuming the
13  truth of Subramanian's allegations, the failure of St. Paul to inform the Court of its insurance
14  policies with QAD does not amount to a gross injustice, and relief through an independent action
15  was unwarranted.  Further, all other complaints of Subramanian of St. Paul's misrepresentations
16  of law to the Court are protected by the litigation privilege and does not either arise to the level
17  of egregious conduct necessary to support a claim of fraud upon the court necessitating that the
18  judgment be set aside.  There is no basis for the claim of fraud on the court and this action should
19  be dismissed.

      B.    <u>The Allegations Do Not State A Claim For The Fraud Upon Which This Action Is Based</u>.

Second, the facts as alleged by Subramanian cannot reasonably state a claim for fraud upon the court.

> The elements of fraud are: (1) misrepresentation, which may be false representation, concealment, or nondisclosure; (2) knowledge of falsity; (3) intent to defraud, that is, to induce reliance; (4) justifiable reliance; and (5) resulting damage.

*Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798 (2002).

Assuming *arguendo* that St. Paul's failure to disclose its relationship with Wulff and

1 QAD constituted a misrepresentation with knowledge of falsity and intent to defraud,
2 Subramanian still cannot establish reliance; as this Court previously noted, Subramanian was
3 *ordered, not once but twice* to mediation. Further, Subramanian can not show resulting damage
4 in his attending the mediation, because as the Court stated "If Vedatech and Subramanian were
5 not present when the settlement agreement was negotiated, it follows that the settlement
6 agreement could not have been acquired by the means of St. Paul, QAD and QADKK's alleged
7 fraudulent scheme to trick Vedatech and Subramanian into attending the mediation."

8 Moreover, even assuming *arguendo* that there *was* fraud upon the Court, Subramanian
9 fails to show how the "fraud" was of any material consequence to the Judgment and Order. In
10 fact **none of the alleged fraudulent "misrepresentations" to the Court formed any basis for**
11 **the Order and Judgment which Subramanian seeks to set aside**. **Subramanian's action for**
12 **declaratory relief was dismissed by this Court solely because the enforceability of the**
13 **Settlement Agreement was pending in two state court actions.** Thus, even if the complained
14 of conduct amounts to fraud on the court, the Judgment and Order *still* can not be set aside,
15 because the fraud was of no material consequence.[8]

16 In short, the conduct complained of by Subramanian falls far short of being "egregious
17 events attacking the judicial machinery itself." Further, Subramanian complains only of an
18 injury to himself. Accordingly, Subramanian's action can not stand:

19 > A motion for relief from judgment on the ground of fraud properly was denied
> when the movant merely was attempting to use the motion to relitigate the merits
20 > of his patent infringement claim, and allegations of fraud were not substantiated.

21 *Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378 (NY 1966), certiorari denied 87 S.Ct. 2055
22 (1967). Subramanian's new action is nothing more than an attempt to re-litigate the merits of his
23 previous action.

24

---

25 [8] The fraud action additionally fails for lack of reliance. An essential element of a fraud action
26 is reasonable reliance. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798 (Cal. 2002). As set forth above, Subramanian has failed to show reasonable reliance of St. Paul's
27 fraudulent inducement for Subramanian's consent to mediation, because Subramanian was
28 *ordered* to attend mediation- twice. This issue was exactly decided previously by Judge Walker. *Order, RJN Exhibit 2 at *20.* Thus the fraud action additionally and fatally fails for lack of reliance.

## II. THIS ACTION IS PRECLUDED BY RES JUDICATA AND CLAIMS PRECLUSION AND ALSO CONSTITUTES AN IMPERMISSIBLE SPLITTING OF ACTIONS

Where a federal court has decided the earlier case, federal law controls the collateral estoppel analysis.[9] *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir.1996). Three elements constitute a successful res judicata defense. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064 (C.A. 2003). Here, there is a final judgment on the merits, and the parties are the same.

Identity of claims exists when two suits arise from "the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir.2001). To ascertain whether successive causes of action are the same, the transaction test is used:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams v. California Dept. of Health* Services, 487 F.3d 684, 689 (9th Cir. 2007). The last of these criteria is the most important. *Id.*

The gist of Subramanian's civil RICO, fraud and conspiracy for fraud, unfair competition and violation of constitutional rights actions is that St. Paul, QAD and others wrongfully withheld information to induce Subramanian's consent to mediation, wrongfully induced Subramanian to attend the mediation, wrongfully continued the mediation after Subramanian left, and wrongfully reached the Settlement Agreement, all to Subramanian's detriment. These are the ***exact*** allegations complained of in Case No. 04-1249 VRW and subject of the dismissals in the Judgment and Order. *See* footnote 2, above. It is evident that the actions here arise from the same transactional nucleus of facts as the previous action[10] and are precluded by res judicata.

This action also seeks to impair if not destroy the prior judgment, involves the same

---

[9] Claim preclusion may appropriately be argued on a motion to dismiss. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984).

[10] Notably, the language of the two actions are nearly identical.

1  evidence present previously and involves the infringement of the same right (Subramanian's
2  contractual rights with St. Paul). These claims are barred by claims preclusion, and should be
3  dismissed.

4  Similarly, these claims constitute an impermissible splitting of action. Under the doctrine
5  of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their
6  privies from re-litigating issues that were or could have been raised in that action." *Federated
7  Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, at 398 (USSC 1981) ; see also *Baker v. General
8  Motors Corp.,* 522 U.S. 222, 233, n. 5, (1998) ("a valid final adjudication of a claim precludes a
9  second action on that claim or any part of it"). Here, the fraud and unfair competition claims
10 have *already* been brought in the previous action.

### III.  THE ACTION CAN NOT STAND BECAUSE OF *NOERR-PENNINGTON* IMMUNITY.

13  The *Noerr-Pennington* doctrine was originally created to immunize individuals and
14 entities from antitrust liability, where the alleged anticompetitive behavior is the filing of a series
15 of lawsuits. It is a judicially created doctrine based upon the First Amendment; First
16 Amendment protection is extended and application of antitrust laws suspended because
17 legitimate effort to influence government action is a part of the guaranteed right to petition.
18 *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc*., 690 F.2d 1240 (9th Cir. 1982).
19 Further, in the Ninth Circuit, the *Noerr - Pennington* immunity has been extended to RICO
20 actions. *Sosa v. DIRECTV, Inc.,* 437 F.3d 923 (9th Cir. 2006). *Noerr-Pennington* has also been
21 applied to state-law claims such as fraud and tortious interference. *See Int'l Bhd. of Teamsters,
22 Local 734 Health Workers and Welfare Trust v. Phillip Morris, Inc.,* 196 F.3d 818, 826 (7th
23 Cir.1999) (RICO suits); *Cheminor Drugs, Ltd. v. Ethyl Corp.,* 168 F.3d 119, 128-29 (3d
24 Cir.1999) (tortious interference and unfair competition); *Empress, LLC v. City & County of San
25 Francisco,* 419 F.3d 1052, 1057 (9th Cir. 2005) (applying *Noerr-Pennington* to 42 U.S.C. §1983
26 claim).

27  The *Noerr-Pennington* doctrine has been further expanded to cover litigation activity
28 because "it would be destructive of rights of association and of petition to hold that groups with

common interest may not, without violating the antitrust laws, use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view respecting resolution of their business and economic interests vis-à-vis their competitors." *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510-511 (1972). Moreover, *Noerr-Pennington* immunity "applies even though the defendant[ ] had employed deceptive and unethical means." *Santana Prods. v. Bobrick Washroom Equip., Inc.,* 249 F.Supp.2d 463, 492 (M.D. Pa. 2003). "[T]he Noerr-Pennington doctrine is a cousin to modern anti-SLAPP statutes." *U.S. v. Hempfling,* 431 F.Supp.2d 1069, 1084, footnote 8, (E.D. Cal. 2006).Here, the allegations against St. Paul all concern direct litigation activities of St. Paul, namely St. Paul's failure to disclose the nature of its relationship with defendant Wulff and its insurer status with QAD to the Court, along with its alleged misrepresentations of legal authority to the Court. There can be no doubt that the actions complained of are litigation activity, and fall squarely within the immunity provided by California's anti-SLAPP statute (Civil Code of Procedure Section 425.16) and the *Noerr-Pennington* doctrine. *California Motor Transport Co, supra,* 404 U.S. 510-511. Accordingly, Subramanian's actions for civil RICO, fraud, unfair competition and 42 U.S.C. §1983 violations *all* are barred by *Noerr-Pennington* immunity.

## IV.    THE THIRD AND FOURTH CAUSES OF ACTION SHOULD BE STRICKEN UNDER CALIFORNIA'S ANTI-SLAPP LAW.

Because Subramanian's claims arise out of the conduct of St. Paul and its attorneys during the course of prior litigation, his state law claims for fraud and conspiracy to fraud and unfair competition should be stricken under California anti-SLAPP procedure. CCP § 425.16.[11] "SLAPP" is an acronym for "strategic lawsuit against public participation." *Decker v. U.D. Registry, Inc.*, 105 Cal. App. 4th 1382, 1385 (2003). The anti-SLAPP protection applies where "but for . . . actions taken in connection with [earlier] litigation, [the plaintiff's] present claims

---

[11] As with the immunity from Subramanian's state law claims provided by California Civil Code Section 47(b), Subramanian's federal claims may not be subject to California's Anti-SLAPP procedure. *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1094 (C.D. Cal. 2008) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims"). But the claims remains subject to dismissal under the *Noerr-Pennington* doctrine as discussed above. *See also United States. v. Hempfling*, 431 F. Supp. 2d 1069, 1084, n.8 (E.D. Cal. 2006) ("[T]he *Noerr-Pennington* doctrine is a cousin to modern anti-SLAPP statutes.").

would have no basis." *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002). Under the statute, "a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike . . ." Cal CCP § 425.16(b). In this diversity action, the District Court applies the California anti-SLAPP procedures. *See United States ex. rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) ("[CCP § 425.16] and Rules 8, 12, and 56 can exist side by side each controlling its own intended sphere of coverage without conflict . . . The Anti-SLAPP statute, moreover, is crafted to serve an interest not directly addressed by the Federal Rules: the protection of the constitutional rights of freedom of speech and petition for redress of grievances.") (citations omitted).

Resolving an anti-SLAPP motion is a two-step process. First, the court must consider whether the defendant and moving party has made a threshold showing that the challenged causes of action arise from protected activity. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 60 (2002). "The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).)" *Id*. at 67. The constitutional right to petition encompasses *any litigation activity* before a judicial body. *Navellier*, 29 Cal. 4th at 90. While cases subject to anti-SLAPP proceedings typically involve allegations that a lawsuit was *filed* to squelch speech, litigation activity *defending* against a lawsuit – especially a sham lawsuit by the very same plaintiff– must be equally protected:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) **any written or oral statement or writing made in connection with an issue under consideration or review by a** legislative, executive, or **judicial body**, or any other official proceeding authorized by law.

1  Cal. Code Civ. Proc. § 425.16(e) (emphasis added); *see also Kashian*, 98 Cal.App.4th at 908

2  ("statements made in connection with or in preparation of litigation are subject to section

3  425.16") (*citing Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115

4  (1999)); *and Jefferson v. Carey*, No. 98-3754, 1999 U.S. Dist. LEXIS 11470, at *4-5 (N.D. Cal.

5  July 20, 1999) (declaration of attorney absolutely privileged under Section 47(b)(2)).[12]

6       As outlined above, Subramanian complains about actions taken, and statements made, by

7  St. Paul and its attorneys Greenan Peffer Sallander and Lally, LLP, expressly involving court

8  filings or conduct incidental to the prior litigation.  Under Section 425.16 and the case law

9  interpreting it, because the complained of actions were so clearly "made in connection with an

10 issue under consideration or review by . . . a judicial body," the first step in the two-step Anti-

11 SLAPP process is easily satisfied here.

12      Under the second step of the anti-SLAPP procedure, where a prima facie showing of

13 protected speech is shown, the burden shifts to the non-moving party.  Here, because the

14 statements of St. Paul and its attorneys are protected, Subramanian must establish a "probability"

15 that he will prevail on the claims he has asserted.  *Equilon*, 29 Cal. 4th at 61.  This he cannot do.

16 

17      To meet his burden, Subramanian must produce competent evidence showing that he has

18 "stated and substantiated a legally sufficient claim."  *Briggs*, 19 Cal. 4th at 1123.  "The motion to

19 strike should be granted if, as a matter of law, the properly pleaded facts do not support a claim

20 for relief."  *Seelig v. Infinity Broadcasting Corp.*, 97 Cal. App. 4th 798, 809 (2002).  As

21 discussed above, Subramanian simply has no claim against St. Paul.  Subramanian can produce

22 no evidence showing that his claims based on California law have merit and they should be

23 stricken.

24 **V.   ALTERNATIVELY, SUMMARY JUDGMENT IS PROPER.**

25      As an alternate ground for disposing of this unmeritorious lawsuit, and without prejudice

---

[12] *See also* Order, *Subramanian v. QAD et al.*, Case No. 06-3050, Dkt. No. 75, (Feb. 21, 2007). In that case, this Court dismissed Subramanian's claims against many of the same defendants here for those defendants' litigation activities. Order at *9. The Court also granted those defendants' motions to strike and for attorneys' fees. *Id*. at *14.

to the motion to dismiss or motion to strike, St. Paul seeks an Order granting Summary Judgment in their favor pursuant to FRCP Rules 12(b) and 56. For purposes of this motion, St. Paul accepts as true every allegation in the new complaint. Subramanian's claims are all barred his failure to state a claim for fraud upon the court, res judicata, *Noerr-Pennington* immunity and Cal. Code Civ. Proc. § 425.16(e) (anti-SLAPP). This Court's ruling should preclude any possibility that Subramanian, who has filed nearly a dozen separate actions in this Court (when considering the multiple removal petitions) related to the underlying controversy, is able to reassert claims against St. Paul.

Under Rule 41(a), this motion for summary judgment means that Subramanian cannot avoid resolution in this Court by preemptively withdrawing his complaint. FRCP Rule 41(a)(1)(i). Any dismissal can now only be by stipulation or court order.

In order to ensure that Subramanian's harassing and vexatious litigation is put to a final end, the Court should either (1) dismiss this action with prejudice and without leave to amend under Rule 12(b)(6), or (2) grant St. Paul Summary Judgment under Rule 56.

## CONCLUSION

For the reasons stated above, defendants St. Paul and Greenan, Peffer, Sallander & Lally LLP request that the Court dismiss in its entirety this most recent action filed by Subramanian without leave to amend, or in the alternative grant summary judgment.

Dated:

            GREENAN, PEFFER, SALLANDER & LALLY LLP


            By:    /s/       
               JAMES S. GREENAN
               Attorneys for Defendants ST. PAUL FIRE & MARINE INSURANCE CO. and GREENAN PEFFER SALLANDER & LALLY, LLP