FREDERICK S. FIELDS (36354)
SUSAN K. JAMISON (131867)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California  94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:    ef-ffields@cpdb.com,
              ef-skj@cpdb.com

Attorneys for Defendant
ARTHUR ANDERSEN LLP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MANI SUBRAMANIAN, as an individual and citizen of Washington, and as a derivative action plaintiff,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation, et al.,<br><br>Defendants. | Case No. 08-1426 VRW<br><br>**ARTHUR ANDERSEN LLP's NOTICE OF MOTION AND MOTION TO DISMISS AND JOINDER IN MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>Date:        October 9, 2008<br>Time:       2:30 p.m.<br>Dept.:       Courtroom 6 |

Arthur Andersen LLP ("Andersen") moves the Court for an Order dismissing the Complaint against it or, in the alternative, moves for summary judgment and in so doing joins in the same motions made by its co-defendants St. Paul Fire and Marine Insurance Company, Greenan, Pfeffer, Sallander & Lally LLP, QAD, Inc., John Doordan, Lai Foon Lee, William D. Connell and Randall Wulff.

There are five causes of action in the Complaint.  The First (to set aside judgments in cases in which Andersen was not a party) and the Third (alleging fraud in regard to a settlement to which Andersen was not a party) are not against Andersen.

The remaining causes of action, the Second (alleging Civil Rico violations), Fourth (unfair competition) and Fifth (violation of Civil and Constitutional Rights) are alleged against Andersen.

08696.004.930696v1                                                          1                                                       Case No. 08-1426 VRW

**ARTHUR ANDERSEN LLP's NOTICE OF MOTION AND MOTION TO DISMISS AND JOINDER IN MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

1  Andersen joins and adopts in the motions by the other defendants to the extent their motions, and
2  the authorities and supporting facts relied on in support of those motions, address the Second,
3  Fourth and Fifth Causes of Action.
4      Voluminous papers have been filed by the moving defendants. Andersen does not wish to
5  burden the Court with the repetitive filing of lengthy documents already before the Court. As an
6  example, QAD has moved to dismiss the Second Cause of Action based on the doctrine of res
7  judicata and has asked the Court to take judicial notice of a prior action initially filed in Santa
8  Clara County in 1998, dismissed by that Court, presently on appeal. Andersen was a defendant in
9  that case, too, and it joins in and relies on the arguments by the QAD defendants rather than
10 submit the same 112 page Third Amended Complaint and other documents already before the
11 Court in support of its motion.
12     Likewise, defendant Randall Wulff submits numerous documents in support of his motion
13 to dismiss based on the doctrine of res judicata. Andersen joins in Wulff's motion but does not
14 duplicate voluminous documents already provided by Wulff. Wulff relies on the dismissal of the
15 earlier, almost identical, case numbered C-04-01249 VRW (the "First Action"). Andersen was not
16 a party to that case, but plaintiff added Andersen as a defendant in the present action. To the
17 extent Wulff's arguments on the res judicata effect of the dismissal of the prior suit prevail, those
18 arguments apply to Andersen and compel the dismissal of the Complaint against Andersen. It
19 does not matter that Andersen was not a party to the First Action, as the doctrine of claim
20 preclusion applies. Lubrizol Corp. v. Exxon Corp. 929 F.2d 960, 966 (3d Cir. 1991).
21     On the issue of privity, the Lubrizol court stated:
22     "We note that a lesser degree of privity is required for a new
       defendant to benefit from claim preclusion than for a plaintiff to
23     bind a new defendant in a later action." (p. 966)
24     Since the claims asserted against Andersen in this case are essentially the same as those
25 dismissed by this Court in the First Action, plaintiff should be precluded from reasserting them
26 here.
27     Andersen also specifically joins in those portions of the moving defendants' briefs
28 addressing statute of limitations issues, particularly that of the QAD defendants at pages 14 and 15

08696.004.930696v1    2    Case No. 08-1426 VRW

**ARTHUR ANDERSEN LLP's NOTICE OF MOTION AND MOTION TO DISMISS AND JOINDER IN MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1 of their Memorandum of Points and Authorities.

2 DATED: August 6, 2008                COBLENTZ, PATCH, DUFFY & BASS LLP

By:  _____/s/_____
    Frederick S. Fields
    Attorneys for Defendant
    ARTHUR ANDERSEN LLP

08696.004.930696v1      3      Case No. 08-1426 VRW

**ARTHUR ANDERSEN LLP's NOTICE OF MOTION AND MOTION TO DISMISS AND JOINDER IN MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**